## Loynd
### v.
### Scott Molders, Inc.
*[Cite as 5 AOA 315]*

*Case No. 88-P-2018*
*Portage County, (11th)*
*Decided July 20, 1990*

*Mary E. Papcke, 13317 Madison Avenue, Lakewood, Ohio 44107, for Plaintiff-Appellant.*

*G. Timothy Fischer, 405 Quaker Square, 120 East Mill Street, Akron, Ohio 44308, Lawrence R. Bach, 1500 One Cascade Plaza, Akron, Ohio 44308, for Defendant-Appellee.*

MAHONEY, J.

On April 28, 1986, the plaintiff-appellant, Saffron Loynd, filed an intentional tort action against her employer, defendant-appellee, Scott Molders, Inc., alleging that she was injured while operating a machine with a malfunctioning switch which the appellee knew or should have known was defective.

On September 12, 1986, the appellee filed a notice with the trial court that interrogatories were served on the appellant. Appellant failed to respond to the interrogatories, and on January 20, 1987 appellee filed a motion to compel. The trial court granted the motion to compel and ordered the appellant to answer the interrogatories on or before April 22, 1987, "or this matter will be dismissed." The appellant complied with the court's order and the answered interrogatories were filed on April 22, 1987.

On September 2, 1987, the appellee filed a "Notice of Deposition and Production of Witness and Production of Documents." Subsequently, on September 17, the appellant filed a motion for a protective order which was not ruled on by the trial court. On October 6, 1987, the appellee filed another "Notice of Deposition and Production of Witness and Production of Documents." Although the appellant appeared and was deposed on December 7, 1987, the appellant did not bring with her or produce any documents.

Seven months later, on July 8, 1988, the appellee filed a second motion to compel discovery. Specifically, appellee sought supplementation of eight interrogatories which were incomplete and the production of documents which were requested previously. On July 25, 1988, the trial court sustained appellee's motion and ordered the appellant to comply with discovery on or before September 1, 1988 or "be subject to sanctions by the court." A compliance hearing was scheduled for September 6, 1988.

Appellant did not meet the September 1, 1988 deadline and, thus, did not comply with the trial court's order. On September 2, 1988, the appellant filed a motion for continuance, stating that appellant's attorney "will be out of town during that week and will not return until September 12, 1988." The court overruled the continuance motion, and the September 6 compliance hearing went forward as scheduled. Appellee appeared at the hearing, but the appellant did not appear.

On September 15, 1988, the trial court filed an order dismissing appellant's complaint with prejudice, finding that the appellant had violated

the court's July 25, 1988 discovery order. The September 15 order was signed by Judge Martin for Judge Kainrad, to whom the case was assigned.

Appellant filed a timely appeal on October 14, 1988. Subsequently, on December 30, 1988, Judge Kainrad filed a *nunc pro tunc* entry in which he adopted the September 15 order and further found that appellant willfully violated the discovery order of July 25, 1988.

Appellant now brings the following assignment of error:

"The trial court erred in dismissing plaintiff's action with prejudice for failure to comply with the trial court's order of July 25, 1988."

Appellant presents four issues and arguments in support of her assignment of error. The standard of review is the same for all four arguments, appellant must show that the trial court abused its discretion.

"*** A trial court's imposition *** of dismissal cannot be disturbed unless the dismissal was an abuse of the trial court's discretion.***" *Toney v. Berkemer* (1983), 6 Ohio St. 3d. 455. (see also, *Ward v. Hester* (13-73), 36 Ohio St. 2d 38.)

The first issue appellant presents and argues is that the July 25 discovery order did not specify with particularity the deficiency of her answers and the specific documents to be produced and, therefore, the discovery order cannot be the basis for the dismissal with prejudice.

Appellant argues that Civ. R. 26(E) requires a supplementation only when the original response is incomplete. Appellant states that, before a trial court may order supplementation of discovery under Civ. R. 37(A) (2), it must make three express findings:

"that there is a duty to supplement; that the original response was incomplete when made; that the responding party is in possession of the additional information needed to complete the response."

Appellant does not cite any authority for this three-pronged test that the trial court must expressly find" before issuing a Rule 37(A) (2) order, and this court is not compelled or persuaded to adopt it.

Appellant further states that interrogatories 16 and 17, which dealt with witnesses and exhibits, did not require supplementation. In support of this assertion appellant cites *Wood v. Humphries* (1986), Tuscarawas App. No. 86A08-065, unreported.

The court in Wood held that in a civil trial there is no duty to identify lay witnesses. However, the court did state that there was a duty to disclose expert witnesses expected to be called at trial. The court did not address exhibits at all. Thus, even if this court were to find Wood persuasive and adopt its holding, appellant would still have to answer Interrogatory 16 by disclosing the expert witnesses it expected to call and answer Interrogatory It by disclosing the exhibits it intended to introduce at trial. Furthermore, appellant does not provide any reason or argument as to her failure or justification in not supplementing the remaining six interrogatories, as requested.

Next, appellant cites *Toney v. Berkemer, supra*, and argues that the trial court's order did not state with particularity the deficiencies in the answers and the documents to be produced and, thus, there is no way that the "responding party can know whether or not she has adequately complied with the order."

This argument is farfetched. First of all, the appellant misreads the Toney opinion. Nowhere does the Toney case hold or establish a rule that a court's order must set out the specific and particular deficiencies in discovery which are to be supplemented. Nevertheless, the appellee's motion to compel identified the eight interrogatories which needed supplementation and which the appellant, in her original answers, indicated she would supplement. Appellee requested a production of documents that appellant anticipated introducing as evidence at trial. Certainly, the appellant would know better than anyone which documents those were.

Finally, appellant worries about not knowing whether she has "adequately" complied with the discovery order. Appellant did not supplement her answers or produce any documents, nor did she inform the parties that there was no supplementation to be made. The fact is that appellant did nothing. She ignored the appellee's request for discovery, the trial court's order, and the oral hearing set by the court. Appellant showed total disregard and disrespect for the court's orders, making no attempt to comply, let alone adequately comply, with the discovery order.

Appellant's first argument lacks merit.

The second issue and argument that appellant presents is that the trial court failed to give appellant proper notice of its intent to dismiss the action with prejudice and, thus, failed to give appellant a second opportunity to obey the order.

In *Ohio Furniture Co. v. Mindala* (1986), 22 Ohio St. 3d 99, the Supreme Court pronounced:

"\*\*\* We hold the notice requirement of Civ. R. 41(B)(1) applies to all dismissals with prejudice, including those entered pursuant to Civ. R. 37(B)(2)(c) for failure to comply with discovery orders. A dismissal on the merits is a harsh remedy that calls for the due process guarantee of prior not ice. \*\*\*" (Emphasis supplied.)

Civ. Rule 41(B)(1) states:

"\*\*\* Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or its own motion may, after notice to the plaintiff's counsel, dismiss an action or a claim."

The Supreme Court stated that the two rules, Rule 41(B)(1) and Rule 37(B)(2)(c), "should be read in *pari materia* with regard to dismissals with prejudice" and explained that:

"\*\*\* This holding stems from and reflects 'a basic tenet of Ohio Jurisprudence that cases should he decided on their merits.' *Perotti v. Ferguson* (1983), 7 Ohio St. 3d 1, 3. Notice of intention to dismiss with prejudice gives the non-complying party one last chance to obey the court order in full. The moving party should not be allowed to circumvent this protection by simply framing his motion in terms of a Civ. R. 37 sanction. Nor should a trial court on its own motion dismiss on the merits without prior notice. \*\*\*" *Id.* at 101.

This holding seems to indicate that a court order compelling discovery, which states that failure to comply with the order will warrant sanctions or dismissal of the action, is not proper notice of a dismissal.

Even though the appellant blatantly ignored the request for discovery, the trial court's order to comply, and failed to appear for a scheduled court hearing without any valid justification, the trial court could not dismiss the action pursuant to Rule 37(B)(2)(c) as provided therein; but, instead, according to *Ohio Furniture Co.*, *supra*, should have notified the appellant that she had a "second chance" to comply or it was going to dismiss the case with prejudice. See, also, *Kane v. Internatl. Hydraulics, Inc.* (Nov. 13, 1987), Lake App. No. 12-031, unreported; *T.T. Partnership v. Williams* (June 16, 1988), Cuyahoga App. No. 53933, unreported.

It is clear that the holding of *Ohio Furniture Co.* effectively takes the bite out of Rule 37(B)(2)(c) and abolishes the trial court's power to impose the sanction of dismissal when a party refuses to comply with the court's order. *Ohio Furniture Co.* encourages parties to ignore the civil rules of procedure and the court's orders to compel discovery and attend compliance hearings because these noncomplying parties know that they do not have to act or respond until they receive a Rule 41(B)(1) notice of the court's intent to dismiss which provides them with a "second chance" to comply. Thus, the discovery process can be dragged out for several years, as in the case *sub judice*, clogging the dockets of trial courts everywhere. This can hardly promote judicial economy and speedy resolution of disputes. Nevertheless, the highest court of the state has spoken and we are compelled to listen.

Appellant's argument is reluctantly well taken.

The third issue the appellant raises is that the trial court abused its discretion in dismissing the action with prejudice when it did not expressly find that the appellant was willful or acted in bad faith in disobeying the court's discovery order.

Appellant completely ignores the *nunc pro tunc* judgment entry in which the trial court expressly states that appellant's violation of the July 25, 1988 order was willful in nature.

Although it is true that the trial court has broad discretion under Civ. R. 37(A) and (B) to impose sanctions for appellant's failure to comply with the court's discovery orders, dismissal is a harsh remedy which the courts have held should only be imposed when "the action of the faulting party creates a presumption of willfulness or bad faith." *Russo v. Goodyear Tire & Rubber Co.* (1987), 36 Ohio App. 3d 175, 179. See, also, *Toney v. Berkemer, supra; Kane v. Internatl. Hydraulics, Inc., supra.*

A review of the record substantiates the trial court's finding that appellant acted willfully in not obeying the discovery order. The record discloses that appellant failed to answer the interrogatories when they were first served on her and had to be compelled by the court to do so. Appellant answered the interrogatories in vague or indefinite terms and indicated that certain interrogatories would be supplemented. Appellant also failed to produce documents she intended to use at trial. Fifteen months elapsed from the date the interrogatories were answered, and appellant still did not supplement or produce the discovery requested. Thus, appellee again had to ask the court to compel the appellant to complete the discovery.

The trial court issued its compliance order on July 25, 1988 in which it informed the appel-

lant she had until September 1, 1988 to comply with the order or be subject to sanctions by the court. Appellant had fifteen months, from April 22, 1987, the date her original answers to interrogatories were filed, to July 25, 1988, the date the court issued the compliance order. Then appellant had another five weeks to supplement the eight interrogatories and produce documents she intended to use at trial.

Appellant failed to respond in any way to the discovery requests or the court's order. She did not appear at the scheduled compliance hearing on September 6, 1988. Four days prior to the scheduled hearing, appellant filed a motion for continuance stating that her attorney "will be out of town during the week and will not return until September 12, 1988." The motion was denied, however, appellant did not appear at the hearing.

The facts *sub judice* are distinguishable from *Toney v. Berkemer, supra,* the case appellant cites, in which the Ohio Supreme Court reversed a trial court's dismissal because no willfulness or bad faith existed. Unlike the appellant in Toney, who gave valid health reasons for his brief delay in answering interrogatories, appellant *sub judice* did not give any legitimate reasons; merely that her attorney would be out of town. Appellant disregarded the trial court's orders and scheduled hearing dates without giving a valid reason for doing so. Furthermore, the discovery delay in Toney lasted approximately three months from the time the appellant was served with the discovery request to the time the court issued its order compelling discovery, and that court gave appellant only two days to comply with the order.

In the case before us, twenty-two months elapsed from September 1986, the date discovery was requested, to July 1988, the date the trial court issued its second order to compel, and the court gave appellant five weeks to supplement the discovery.

It has been held that:

"1. A party ordered to provide discovery cannot stand mute or stand upon the same reason given for his failure to respond previously considered by the court. The party most satisfy the trial court that the continued refusal to comply is genuinely founded upon a good faith excuse and not the result of any willfulness or bad faith on his part.

"2. Although there are constitutional limits on the power of a trial court to dismiss an action, even in aid of its own valid purposes, the use of the sanction of dismissal for a failure to comply with a discovery order is valid where the actions of the faulting party create a presumption of willfulness or bad faith." *Russo v. Goodyear Tire & Rubber Co.* (1987), 36 Ohio App. 3d 175, syllabus, paragraphs one and two.

Appellant's actions created a presumption of willfulness which appellant never rebutted. Therefore, the trial court did not err in finding that appellant willfully violated its discovery order.

In her fourth issue, appellant contends that the dismissal order is voidable because it was signed by Judge Martin for Judge Kainrad to whom the case was assigned. The appellant argues that Civil Rule 58 requires that a final order be personally signed by the judge who renders it. Appellant argues that the September 15 order dismissing the action with prejudice was not of a preliminary nature but final and, thus, voidable.

Appellant's argument might have some merit if these were the only facts. However, appellant fails to even address the trial court's *nunc pro tunc* journal entry signed by Judge Kainrad in which the court adopts the September 15, 1988 judgment entry signed by Judge Martin. Thus, in the *nunc pro tunc* entry, the court adopted the judgment entry which dismissed the action with prejudice and further found that appellant willfully violated the court's discovery order and that appellant had been warned that her failure to comply would lead to sanctions under Rule 37.

The *nunc pro tunc* entry was filed on December 30, 1988 and signed by Judge Kainrad. Therefore, any error that might have resulted from Judge Kainrad not signing the September 15 entry was corrected and at this point is harmless, if not moot.

Appellant's fourth issue and argument is not well taken.

Based on the Supreme Court decision in *Ohio Furniture Co., supra,* and the notice requirements established therein which this court followed in *Kane v. Internatl. Hydraulics, Inc.,* appellant's second issue and argument must be accepted as having merit, albeit with grave reservations because of the effect this decision has on the rules of discovery and the administration of justice.

For the reasons stated herein, the judgment of the trial court is reversed; and the within cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed and remanded.*

FORD, J., concurs.

CHRISTLEY, P.J., concurs with concurring opinion.

I reluctantly concur with the opinion of the majority as to the second assignment of error concerning whether the trial court gave appellant notice of its intent to dismiss. I believe that the majority in its analysis of *Ohio Furniture Co. v. Mindala* (1986), 22 Ohio St. 3d 99, construes that case too narrowly. The facts in *Ohio Furniture Co., supra,* indicate that the only actual notice of a potential sanction of dismissal given to appellant was by reference to Civ. R. 37(B) made in appellee's motion to dismiss. Apparently, the court itself never indicated in any of its orders relating to discovery that appellant's failure to comply or to timely respond (Loc. R. 11 [CC]) could result in the imposition of sanctions including dismissal.

The instant case differs significantly in that respect. The July 25 court order did include a warning to the appellant that if he did not comply with discovery by the date certain that he would "be subject to sanctions by the court." Unfortunately, there was no additional inclusion of the specific potential sanction of dismissal as there was with an earlier order. Had that addition been present, I would have had no trouble in finding that notice of dismissal, per *Ohio Furniture Co., supra,* was complied with under the other facts of this case.

I do not believe that *Ohio Furniture* means that a *second* notice is required. Civ. A. 60(B) is still available for those who might otherwise suffer an injustice. In the present case, since a specific reference to a potential sanction of dismissal was missing in the instant case, I reluctantly concur with the majority and their conclusion on this point.