RANKIN, Appellant,

v.

WILLOW PARK CONVALESCENT HOME et al., Appellees.

[Cite as *Rankin v. Willow Park Convalescent Home* (1994), 99 Ohio App.3d 110.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 66608.

Decided Dec. 19, 1994.

Levey & Gruhin, Arthur E. Dombek and Harold L. Levey, for appellant.

*Duvin, Cahn, Barnard & Messerman, Jane P. Wilson, Richard C. Hubbard III* and *Vincent T. Norwillo;* and *Lee Fisher,* Attorney General, for appellees.

---

PATTON, Presiding Judge.

The trial court dismissed plaintiff Estella Rankin's complaint against defendants Willow Park Convalescent Home, the Industrial Commission of Ohio, and the Bureau of Workers' Compensation as a sanction for failing to comply with discovery orders. The court granted defendants' motions to dismiss, due to plaintiff's failure to comply with court-ordered discovery. Plaintiff appeals the dismissal, assigning three errors that collectively argue the court abused its discretion by dismissing the case for failure to respond to interrogatories.

Plaintiff's complaint alleged she suffered work-related injuries while employed at Willow Park. The commission served plaintiff with a set of interrogatories in January 1992. When plaintiff did not respond, the commission filed a motion to compel answers to those interrogatories. On June 4, 1992, the same day the court granted the motion to compel, plaintiff responded to all but Interrogatory No. 25, which asked plaintiff to complete and sign a "Medical Authorization" attached to the interrogatories. Plaintiff did not sign the authorization, but indicated a willingness to complete and sign medical authorization for a "specific provider."

The commission then filed a motion *in limine,* seeking to ban plaintiff from introducing into evidence at trial any medical records the commission could not obtain without plaintiff's authorization. The court did not rule on the motion but, on November 9, 1992, issued an order requiring plaintiff to provide medical authorization for "all medical practitioners providing treatment to plaintiff for the alleged injury."

Plaintiff had not provided the ordered authorizations by July 1993, so defendants filed separate motions to dismiss the case. The commission's motion contained a letter from a records service, which documented the service's repeated unsuccessful attempts to contact plaintiff's attorney and obtain the necessary authorization for obtaining the medical records.[1] Plaintiff responded to the motions to dismiss by asserting she had provided the necessary authorizations. The commission supplemented its motions to dismiss with documentation

---

1. In a letter dated July 1, 1993, the records service documented the following attempts to reach plaintiff's counsel:

"We've called Atty. Dombe[k's] office on 4/13, 4/14, 5/10, 5/27, 6/11 and 6/25. Faxed an authorization on 4/15, re-sent request by mail 5/11. As of today, 6/25, my calls have not been returned, nor has authorization been provided."

showing plaintiff had not authorized the release of medical records from St. Luke's Hospital.

On November 11, 1993, the court granted the separate motions to dismiss of the defendants.

■ Plaintiff first argues the court erred by dismissing her complaint when the court failed to give her notice of its intent to dismiss the action.

Civ.R. 37(B)(2)(c) states:

"If any party * * * fails to obey an order to provide or permit discovery, * * * the court in which the action is pending may make such orders in regard to the failure as are just, and among others * * * [may dismiss] the action or proceeding or any part thereof * * *[.]"

■ The trial court has broad discretion to impose sanctions for violations of discovery rules, and this court will not reverse sanctions absent an abuse of that discretion. *Furcello v. Klammer* (1980), 67 Ohio App.2d 156, 158, 21 O.O.3d 454, 456, 426 N.E.2d 187, 189. However, when ordering dismissal as a sanction under Civ.R. 41(B)(1), the trial court must give prior notice of its intent to dismiss a case with prejudice in order to allow the noncomplying party one last chance to obey the court order in full. *Ohio Furniture Co. v. Mindala* (1986), 22 Ohio St.3d 99, 101, 22 OBR 133, 134, 488 N.E.2d 881, 883; *Carr v. Green* (1992), 78 Ohio App.3d 487, 491, 605 N.E.2d 431, 434; *Loynd v. Scott Molders, Inc.* (1990), 62 Ohio App.3d 888, 893–894, 577 N.E.2d 736, 739–740. Willow Park concedes the court did not provide the required advance notice to plaintiff; therefore, we are compelled to conclude the trial court abused its discretion by dismissing the case without providing advance notice of its intent to dismiss.

We note plaintiff's counsel is no stranger to the protection afforded by *Ohio Furniture Co.*, having raised the same arguments in a strikingly similar appeal before this court. In *Armstrong v. Revco D.S., Inc.*, (Nov. 24, 1993), Cuyahoga App. No. 64044, unreported, 1993 WL 489757, a panel of this court reversed a dismissal as a sanction for failure to respond to interrogatories and a request for production of documents. In *Armstrong*, plaintiff Armstrong ignored a court order compelling a response to interrogatories and production of documents. Revco filed a motion to dismiss, and Armstrong responded by agreeing to answer the interrogatories. When the date for a response passed, Revco filed a memorandum of additional support for its motion to dismiss. The court granted the motion to dismiss and, the next day, Armstrong served notice that he had provided discovery to Revco. The panel, relying on *Ohio Furniture Co.*, was forced to conclude the trial court had not provided the required notice.

This case squarely presents concerns raised by the court in *Loynd v. Scott Molders, Inc., supra,* which stated:

"It is clear that the holding of *Ohio Furniture Co.* effectively takes the bite out of Civ.R. 37(B)(2)(c) and abolishes the trial court's power to impose the sanction of dismissal when a party refuses to comply with the court's order. *Ohio Furniture Co.* encourages parties to ignore the civil rules of procedure and the court's orders to compel discovery and attend compliance hearings because these noncomplying parties know that they do not have to act or respond until they receive a Civ.R. 41(B)(1) notice of the court's intent to dismiss which provides them with a 'second chance' to comply. Thus, the discovery process can be dragged out for several years, as in the case *sub judice,* clogging the dockets of trial courts everywhere. This can hardly promote judicial economy and speedy resolution of disputes. Nevertheless, the highest court of the state has spoken and we are compelled to listen." *Id.,* 62 Ohio App.3d at 893–894, 577 N.E.2d at 739.

We agree with the *Loynd* court and urge the Supreme Court to put the teeth back into Civ.R. 37(B)(2)(c) and modify its holding in *Ohio Furniture Co.* to allow the court to enforce its orders to compel discovery where notice of dismissal might reasonably be implied under the circumstances. We think it perfectly reasonable to imply notice of impending dismissal, where a litigant twice fails to comply with court orders compelling discovery and faces a pending motion to dismiss based upon the refusal to provide discovery. Until that happens, we must follow *Ohio Furniture Co. v. Mindala.* Because we find the court did not afford sufficient notice of its intent to dismiss the case, we need not address the remaining assignments of error that challenge the actual sanction imposed. The first assignment of error is sustained.

> *Judgment reversed*
> *and cause remanded.*

HARPER and PORTER, JJ., concur.