[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
This is an appeal by Todd Hillabrand, ("Appellant"), from a judgment of the Court of Common Pleas of Marion County dismissing his case against Drypers Corporation, ("Drypers"), with prejudice, after Hillabrand failed to comply with a court discovery order.
The relevant procedural facts underlying this appeal are as follows. Hillabrand filed a tort action against Drypers on May 30, 1997. On July 24, 1997, Drypers served Hillabrand Interrogatories and Request for Production of Documents. Pursuant to Civ.R. 33(A), discovery was due before the end of August, 1997. When Hillabrand did not file a timely response, Drypers wrote to Hillabrand inquiring about its discovery request in a letter dated September 10, 1997. Still, Drypers received no answer. On February 2, 1998 and again on February 11, 1998, Drypers telephoned Hillabrand seeking the discovery information and warning that further delay in his response would prompt Drypers to file a motion to compel. Hillabrand assured Drypers that discovery would be forthcoming. On February 13, 1998, Hillabrand served Drypers with answers to the interrogatories and documents requests. Finding the answers grossly inadequate, Drypers filed a motion to compel on February 17, 1998. The motion to compel included a copy of Hillabrand's answers and outlined Drypers repeated attempts to informally obtain discovery, pursuant to Civ.R. 37(E).
On February 18, 1998, the trial court granted the motion to compel, ordering Hillabrand to comply with the discovery requests on or before March 3, 1998. The order expressly warned Hillabrand that his failure to comply could result in dismissal of his complaint. The March deadline passed with no response by Hillabrand. Seven days later, on March 10, 1998, Drypers filed a motion for sanctions, requesting Hillabrand's case be dismissed with prejudice and seeking attorney's fees. The trial court granted a final judgment of dismissal with prejudice on March 12, 1998. In entering judgment, the court took into account Hillabrand's seven month delay in answering Drypers discovery requests, and noted that when finally filed, the answers, "avoided any direct responses to substantive issues." In addition, the court found Hillabrand's total disregard of the court's order to comply, which included notice that dismissal could result if the order was disregarded, warranted the severest sanction.
Appellant now appeals the judgment of dismissal with prejudice, asserting the following assignment of error:
 The trial court committed substantial prejudicial error when it dismissed Appellant's case with prejudice for Appellant's failure to comply with the court's order compelling discovery.
When reviewing a trial court's decision to dismiss a case with prejudice, we must apply the abuse of discretion standard and determine whether the trial court's judgment was unreasonable, arbitrary or unconscionable. Quonset Hut, Inc. v. Ford Motor Co.
(1997), 80 Ohio St.3d 46, 47; Pembaur v. Leis (1982), 1 Ohio St.3d 89,91.
Appellant first attacks the trial court's order of dismissal by arguing that the court improperly granted Drypers' motion to compel discovery. Appellant claims that prior to filing its motion to compel, Drypers failed to make reasonable efforts to resolve the matter informally, as required by Civ.R. 37(E). Although Drypers made extra-judicial attempts to resolve discovery problems before Appellant filed his answers, no similar attempts were made by Drypers after it received discovery. Since Drypers failed to notify Appellant of the inadequacies in his discovery responses, Appellant argues Civ.R. 37(E) was not observed and the trial court should not have entertained the motion to compel. Moreover, Appellant contends that he was improperly denied the opportunity to respond to the motion to compel before the trial court ruled on the motion.
We are not persuaded by Appellant's arguments. The record contains evidence that Drypers wrote to Appellant requesting discovery materials on September 10, 1997. Furthermore, it has not been disputed that the parties engaged in telephone conversations in February of 1998 regarding Appellant's tardy response. Although Appellant eventually answered the discovery requests, the responses provided were incomplete. As stated in Civ.R. 37(A)(3), an evasive or incomplete answer to a interrogatory is a failure to answer for purposes of a motion to compel. Indeed, it was reasonable for Drypers to view the incomplete responses offered by Appellant as an attempt to delay the litigation process, further substantiating their need for court assistance. Moreover, nothing in Civ.R. 37(E) required renewed effort on Drypers part to informally obtain complete discovery compliance before filing its motion to compel. Civ.R. 37(E) states:
 Before filing a motion authorized by this rule, the party shall make a reasonable effort to resolve the matter through discussion with the attorney, unrepresented party, or person from whom discovery is sought. The motion shall be accompanied by a statement reciting the efforts made to resolve the matter in accordance with this section.
Consequently, when Drypers presented the trial court with a recitation of its protracted efforts to obtain substantive discovery from Appellant, it satisfied the requirements of Civ.R. 37(E). With this information, and with Appellant's answers to requested discovery attached to the motion to compel, the trial court was in a position to judge the adequacy of Appellant's responses and compliance with the discovery rules. Finding Appellant did not answer Drypers' discovery requests, the trial court was within its discretion in ordering Appellant to comply with the rules within thirteen days or risk dismissal.
Furthermore, there was no objection raised by Appellant in the record to the fact that he did not have an opportunity to respond to the motion to compel before it was granted. Nor was Appellant prejudiced since he was given a reasonable time after the order in which to explain any problems to the court or request a continuance. Given Appellant's failure to object or otherwise respond to the motion to compel and order of compliance within the time provided by the court, he cannot now be heard to complain that he was not afforded due process.
Finally, Appellant contends that the court erred in granting a dismissal with prejudice when he did not receive adequate prior notice, pursuant to Civ.R. 41(B)(1), that dismissal was a possibility.
According to Civ.R. 37(B)(2):
 If any party * * * fails to obey an order to provide or permit discovery, * * * the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
* * *
(c) An order * * * dismissing the action * * *.
Involuntary dismissals are governed by Civ.R. 41(B)(1) which states that,
 Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim.
The Supreme Court of Ohio has held that the notice requirement of Civ.R. 41(B)(1) applies to all dismissals with prejudice, including those entered for failure to comply with discovery orders in accordance with Civ.R. 37(B)(2)(c). Ohio Furniture Co.v. Mindala (1986), 22 Ohio St.3d 99, 101.
In this case, Appellant complains that dismissal was granted two days after Drypers filed its March 10, 1998 motion for sanctions and before Appellant was aware that sanctions were requested. Thus, Appellant states that without adequate notice of the motion, he did not have the opportunity to respond and was denied due process.
Appellant refers this court to the case of Loynd v. ScottMolders, Inc. (1990), 62 Ohio App.3d 888, which he believes supports his contention that he was denied due process. In Loynd, the Appellant disobeyed a court order directing Appellant to comply with discovery or "be subject to sanctions by the court."Loynd, 62 Ohio App.3d at 890. The court in Loynd found that,
 Even though the appellant blatantly ignored the request for discovery, the trial court's order to comply, and failed to appear for a scheduled court hearing without any valid justification, the trial court could not dismiss the action pursuant to Civ.R. 37(B)(2)(c) as provided therein; but, instead, according to Ohio Furniture Co., supra, should have notified the appellant that she had a "second chance" to comply or it was going to dismiss the case with prejudice.
 Id. at 893. Thus, in the case sub judice, Appellant claims that prior to granting Drypers motion for sanctions and dismissal, the trial court failed give him a "second chance" to comply with the discovery order.
We find Loynd distinguishable from the instant case since the Appellant in Loynd was not given express warning by the court that dismissal could result for noncompliance with its order. Rather, the court in Loynd was reviewing a order warning the party of general civil sanctions which might be imposed. Likewise, in OhioFurniture Co., the case cited as authority in Loynd, no specific notice of dismissal was given to the Appellant. Ohio Furniture,22 Ohio St.3d at 99-100. The Supreme Court explained in OhioFurniture:
 Notice of intention to dismiss with prejudice gives the non-complying party one last chance to obey the court order in full. The moving party should not be allowed to circumvent this protection by simply framing his motion in terms of a Civ.R. 37 sanction. Nor should a trial court on its own motion dismiss on the merits without prior notice.
 Id. at 101. Consequently, Loynd and Ohio Furniture stand for the proposition that a motion for general Civ.R. 37 sanctions does not provide adequate notice of an intention to dismiss; however, the instant case is different in that it involves an express notice that dismissal could result for failure to follow a court order.
Moreover, in the recent case of Quonset Hut v. Ford Motor Co.
(1997), 80 Ohio St.3d 46, syllabus, the Supreme Court of Ohio held:
 For purposes of Civ.R. 41(B)(1), counsel has notice of an impending dismissal with prejudice for failur e to comply with a discovery order when counsel has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal.
We find Appellant did have prior notice that dismissal was a possibility and Appellant was given an opportunity to defend against dismissal. In the February 18, 1998, order of compliance, the trial court expressly warned Appellant that failure to abide by its order could result in dismissal. Appellant had thirteen days in which to file a response or offer the court some justification for his delinquency. If Appellant was having difficulty obtaining discovery material he could have requested court assistance, or otherwise made application to the court for a continuance or a protective order. Instead, Appellant voluntarily choose to take no action to either comply with the order or defend against dismissal.
While heightened scrutiny must be afforded dismissals with prejudice, the dismissal will be affirmed when "`the conduct of a party is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice for a failure to prosecute or obey a court order.'" Quonset Hut,80 Ohio St. 3d at 48, quoting Tokles Son, Inc. v. Midwestern Indemn.Co. (1992), 65 Ohio St.3d 621, 632. To hold otherwise, would only encourage parties to ignore the civil rules of procedure and court orders to compel discovery, emasculating the integrity and authority of the court. We find Appellant's failure to act after being afforded notice of the possibility of dismissal, qualifies as negligent and irresponsible conduct. Quonset Hut, supra. For all the reasons discussed above, we conclude that the trial court acted reasonably and within its sound discretion when dismissing Appellant's case. Appellant's assignment of error is overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 SHAW, P. J., concurs.
BRYANT, J., concurs in judgment only.