DECISION
{¶ 1} Appellant, Cincinnati Emergency Services, Inc., appeals from the September 6, 2002 decision and entry of the Franklin County Court of Common Pleas granting appellees, Ohio State Department of Job and Family Services', motion to dismiss for failure to prosecute. For the reasons that follow, we reverse and remand the decision of the trial court.
 {¶ 2} Appellant is in the business of contracting with several Southern Ohio hospitals to provide physicians for the hospitals emergency room ("ER") departments. During 1999, appellant contracted with Brown County General Hospital to provide 12 to 14 physicians to cover the hospital's ER department. Each physician executed written contracts with appellant. Appellant maintained that the physicians who performed services at the hospital were independent contractors, who were responsible for their own taxes.
 {¶ 3} On June 8, 1999, the Administrator of the State of Ohio, Bureau of Employment Services, mailed appellant a Determination of Employer's Liability and Contribution Rate Determination finding that services performed by the physicians, who claimed to be excluded from coverage, were covered employment subject to the Ohio Unemployment Compensation Act. Appellant timely appealed and, on March 30, 2000, the Administrator issued a reconsideration decision affirming the June 8, 1999 administrator decision. On April 28, 2000, appellant filed a timely appeal with the Review Commission. On February 20, 2002, the Commission affirmed the Administrator's Reconsideration Decision finding that the services performed by the physicians for appellant were in employment subject to the Ohio Unemployment Compensation Act, and appellant must make contributions to the Ohio Department of Job and Family Services based upon the earnings of the physicians.
 {¶ 4} On March 22, 2002, appellant filed a timely appeal of the Commission's decision to the Franklin County Court of Common Pleas. By order of the trial court, appellant's brief was due on or before May 31, 2002. On June 13, 2002, appellee filed a motion to dismiss for failure to prosecute. The trial court set a hearing on the motion to dismiss for July 31, 2002. On June 24, 2002, appellant filed a Memorandum in Opposition to the Motion to Dismiss and requested an extension of time in which to file its brief. In its brief, appellant contended that no brief was filed because it did not receive the scheduling order or a returned filed stamped copy of the notice of appeal. On June 26, 2002, the trial court issued a revised schedule and vacated the entry setting the hearing for July 31, 2002. Appellant filed its brief on July 1, 2002.
 {¶ 5} Counsel for appellee contacted the trial court and inquired as to why the July 31, 2002 hearing had been vacated. According to counsel, she was unaware that the trial court granted appellant additional time in which to file its brief. Counsel therefore requested the trial court to conduct a hearing on her motion to dismiss. On August 1, 2002, the trial court rescheduled the hearing for August 29, 2002, and suspended its June 26, 2002 briefing schedule.
 {¶ 6} Counsel for appellee appeared at the August 29, 2002 hearing. Appellant's counsel did not appear. The trial court remained in session for 30 minutes to allow appellant's counsel time to arrive at the scheduled hearing. The trial court determined that appellant failed to demonstrate in its memorandum in opposition, a good cause for failing to prosecute. The trial court granted appellee's motion to dismiss and dismissed the action for lack of prosecution. It is from this decision and entry that appellant appeals, assigning the following as error:
 {¶ 7} "The Trial Court erred in dismissing the Appellant's case for lack of prosecution when no Scheduling Order was received by Appellant's Counsel and Notices of hearings issued by the Trial Court's Clerk's Office were regularly sent to the wrong address for Appellant's counsel and returned to the Clerk's office undeliverable. See specifically Trial Docket (`TD') items #24, 28, and 29 (`Mail Returned — N/S') in the record filed as evidence that items were regularly mailed to Appellant were returned as undeliverable because they were sent to an address that was over three years old, and not the address on any document filed by the Appellant with the Trial Court."
 {¶ 8} In its sole assignment of error, appellant argues that the trial court erred in granting appellee's Civ.R. 41(B)(1) motion because appellant's counsel did not receive notice of the pending dismissal. Appellant contends that all pleadings filed with the trial court indicated its correct address, but the clerk's office used an incorrect address when mailing notices to appellant. Specifically, appellant contends that notices mailed after the trial court's order granting appellant the extension of time to file its brief and notice revising the schedule were sent to the wrong address.
 {¶ 9} Civ.R. 41(B)(1) provides:
 {¶ 10} "Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."
 {¶ 11} The decision to dismiss a case pursuant to Civ.R. 41(B)(1) is within the sound discretion of the trial court. See Pembaur v. Leis (1982), 1 Ohio St.3d 89; Quonset Hut, Inc. v. Ford Motor Co. (1997),80 Ohio St.3d 46. An appellate court's review of a dismissal pursuant to Civ.R. 41(B)(1) is confined to a determination of whether the trial court abused its discretion. See id.; Jones v. Hartranft (1997),78 Ohio St.3d 368. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 12} Ohio's courts have consistently ruled that the failure to give such prior notice is critical and constitutes reversible error. Logsdon v. Nichols (1995), 72 Ohio St.3d 124, 128 ("it is error for the trial court to dismiss plaintiff's case without notice for failure to prosecute when plaintiff and his counsel fail to appear for trial on the assigned trial date" citing McCormac, Ohio Civil Rules Practice [2 Ed. 1992] 356-357, Section 13.07); Ohio Furniture Co. v. Mindala (1986),22 Ohio St.3d 99, 101; Perotti v. Ferguson (1983), 7 Ohio St.3d 1, syllabus; Rankin v. Willow Park Convalescent Home (1994),99 Ohio App.3d 110, 112; McCann v. Lakewood (1994), 95 Ohio App.3d 226,248; Shoreway Circle, Inc. v. Gerald Skoch Co., L.P.A. (1994),92 Ohio App.3d 823, 830. As is stated in Perotti at 3, the notice requirement exists to insure that, to the extent possible, cases are decided on the merits and that a party facing dismissal is given the opportunity to obey the court order of which he or she stands in violation by either curing the defect, proceeding with the matter or dismissing his or her action voluntarily and, thus, without prejudice.
 {¶ 13} In this case, after appellant filed its brief, the trial court unilaterally reversed its June 26, 2002 order which granted appellant an extension of time to file its brief. "[T]he very purpose of notice is to provide a party with an opportunity to explain its default and/or to correct it." Quonset, at 49. It appears from that record that after appellant filed its brief, appellant's counsel did not receive notice that the action was subject to dismissal. A review of the record reveals that the notice of the rescheduled hearing was sent to the wrong address as it was returned to the clerk's office, marked "not deliverable as addressed — unable to forward." Furthermore, it appears from the record that the ex parte communication engaged in by the trial judge and appellee's counsel resulted in the trial court reversing its order rescheduling the hearing on appellee's motion to dismiss. The trial court's actions were therefore an abuse of discretion. Accordingly, we conclude the trial court erred when it dismissed the case. As such, appellant's sole assignment of error is sustained.
 {¶ 14} For the foregoing reasons, the judgment of the trial court dismissing this matter for failure to prosecute is vacated. This matter is reversed and remanded for further proceedings consistent with this opinion.
Judgment reversed and case remanded.
BRYANT and BROWN, JJ., concur.