DECISION AND JUDGMENT ENTRY
{¶ 1} Phyllis Whitt and Joy Lee Whitt appeal the trial court's decision dismissing their complaint with prejudice for failing to respond to discovery requests and for failing to prosecute their case. They contend that the court did not provide them with sufficient notice that dismissal was a possible sanction and that their conduct did not merit such a drastic act. However, appellees' motions to dismiss provided appellants with requisite notice of the impending dismissal. Moreover, the court provided notice in a prior entry that dismissal of their case was possible. Accordingly, appellants had sufficient notice of the potential for dismissal. Because appellants continually failed to comply with repeated court orders to respond to discovery requests and only at the eleventh hour feebly attempted to comply, the court did not abuse its discretion in concluding that appellants' conduct was sufficiently egregious to warrant a dismissal with prejudice. Therefore, we affirm the court's judgment.
 {¶ 2} In October of 2000, appellants filed a complaint against appellees for injuries sustained in a car accident. Shortly thereafter, appellees requested discovery from appellants. However, appellants did not provide it. Thus, appellees filed motions to compel. The court subsequently granted the motions and ordered appellants to respond to the discovery requests. Appellants did not respond.
 {¶ 3} In June of 2001, appellants' counsel filed a motion to withdraw, alleging that his clients were not cooperating with him. The court permitted counsel to withdraw.
 {¶ 4} In late 2001, appellees filed separate motions to dismiss appellants' claims for failing to comply with the court's prior discovery order and for failing to prosecute their claims. Again, appellants did not respond. The trial court granted appellees' motions and dismissed appellant's complaint.
 {¶ 5} In May of 2002, appellants retained a new attorney who entered an appearance in the action and filed a "motion for reinstatement." Appellants requested the court to reinstate the case and asserted that they did not expect discovery responses to take more than sixty days.
 {¶ 6} On November 12, 2002, the court granted appellants' motion to reinstate the case. The court noted that it had conducted an oral hearing on the matter on July 18, 2002 and that appellants' counsel stated that "discovery would be answered expediently." The court therefore ordered that "all previously filed discovery be answered promptly," no later than November 15, 2002. The court stated: "Failure to comply with this order will result in sanctions that may include reimbursement of attorney fees and costs to the opposing parties and other sanctions, including dismissal of the action."
 {¶ 7} As of November 25, 2002, appellants still had not responded to appellees' discovery requests. Thus, appellees once again filed motions to dismiss. Appellants did not file any written response to appellees' motions, nor did they respond to the outstanding discovery requests.
 {¶ 8} On January 29, 2003, the court held a hearing on appellees' motions to dismiss. On that same date, appellants filed a "notice of filing" that indicated their discovery responses were served upon Attorney Heath, counsel for appellee Hofferbert.
 {¶ 9} At the hearing, appellants' counsel claimed that he did not have sufficient time to respond to the outstanding discovery requests since the court's entry was filed just three days before the deadline of November 15.
 {¶ 10} Attorney Mass, counsel for appellee Lengefeld, asserted that at the July 2002 hearing, the parties agreed to allow the case to proceed but "very specifically state[d] * * * that we wanted timely responses to discovery." She further asserted that appellants' counsel could hardly complain about the three day discovery compliance deadline when at the July 2002 hearing, (1) all appellees indicated that they wanted timely discovery responses, (2) she had contacted appellants' counsel in August to attempt to reach an agreement for a discovery response deadline, and (3) the trial court had directed appellants' counsel to prepare an entry reflecting the action taken at the July 2002 hearing but he did not do so. Instead, Attorney Mass finally prepared the entry.
 {¶ 11} In March of 2003, the trial court dismissed appellants' complaint with prejudice. The court found that since October of 2000, when appellants filed the action, they had done nothing in furtherance of their claims, despite reasonable written discovery requests first made in December of 2000. The court also noted that (1) appellants' first attorney withdrew because appellants failed to communicate or cooperate with the attorney in furtherance of their claims, (2) the court previously issued three separate orders directing appellants to provide discovery, (3) the court previously dismissed the case, and (4) the court allowed the case to be "re-instated."
 {¶ 12} Appellants timely appealed the trial court's judgment and assign the following error: "The Court erred to the prejudice of Appellants by entirely dismissing their case for allegedly failing to respond to discovery requests."
 {¶ 13} In their sole assignment of error, appellants argue that they did not have sufficient notice of the impending dismissal and that the court abused its discretion by dismissing their case with prejudice.
 {¶ 14} Because of the drastic nature of such a decision, we review a trial court's dismissal of a complaint with prejudice under a heightened abuse of discretion standard. Jones v.Hartranft (1997), 78 Ohio St.3d 368, 372, 678 N.E.2d 530; Klinev. Morgan (Jan. 3, 2001), Scioto App. Nos. 00CA2702 and 2712. This means we closely scrutinize a court's decision to dismiss in order to insure that it was not the result of an unreasonable, arbitrary or unconscionable attitude on the part of the court.Jones, 78 Ohio St.3d at 371. In essence, our review focuses upon whether: 1) the trial court applied the appropriate analysis and factors in reaching its decision, and 2) the merits of that decision are based on reason and logic.
 {¶ 15} Civ.R. 41(B)(1) permits a court to dismiss a plaintiff's action when the plaintiff fails to prosecute or to comply with the Civil Rules or any court order. Civ.R. 41(B)(1) requires the court to give prior notice of its intent to dismiss with prejudice in order to give the non-complying party a final chance to obey. Quonset Hut, Inc. v. Ford Motor Co. (1997),80 Ohio St.3d 46, 48, 684 N.E.2d 319; Rankin v. Willow ParkConvalescent Home (1994), 99 Ohio App.3d 110, 112,649 N.E.2d 1320. A party has notice of an impending dismissal with prejudice for failure to comply with a court's order when counsel has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal. Quonset Hut, syllabus; see, also, id. at 48 (stating that a party may have notice of an impending dismissal when the party is aware that the opposing party has filed a motion to dismiss). "The purpose of notice is to provide the party in default an opportunity to explain the default or to correct it, or to explain why the case should not be dismissed with prejudice." Id. at 48, quoting Logsdon v.Nichols (1995), 72 Ohio St.3d 124, 128, 647 N.E.2d 1361
(internal quotation omitted).
 {¶ 16} In Quonset Hut, the court held that the notice requirement of Civ.R. 41(B)(1) is satisfied "when counsel has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal." Id. at syllabus. Furthermore, "the notice required by Civ.R. 41(B)(1) need not be actual but may be implied when reasonable under the circumstances." Id. at 49.
 {¶ 17} Here, appellants had sufficient notice of the impending dismissal. The court stated in its November 12, 2002 entry that failure to comply with its order would result in sanctions, including dismissal. Additionally, appellees subsequently filed motions to dismiss, which again placed appellants on notice that their complaint could be dismissed. SeeColeman v. Cleveland School Dist. Bd. of Educ., Cuyahoga App. Nos. 81674 and 81811, 2003-Ohio-880, at ¶ 10 (citing QuonsetHut and stating that an opposing party's motion to dismiss is sufficient to constitute implied notice). At no point did appellants file any response in spite of the fact that they had approximately two months between the filing of the motions to dismiss and the hearing on them. Thus, appellants' claim that they lacked notice of the impending dismissal rings hollow.
 {¶ 18} Appellants next complain that the court abused its discretion by determining that their conduct in failing to comply with the discovery orders was so egregious as to merit a dismissal.
 {¶ 19} When determining whether a dismissal is an appropriate discovery sanction, courts should remember "the tenet that `disposition of cases on their merits is favored in the law.'"Quonset Hut, 80 Ohio St.3d at 48 (quoting Jones v. Hartranft
(1997), 78 Ohio St.3d 368, 371, 678 N.E.2d 530). Thus, courts should exercise their discretion in granting dismissals "on purely procedural grounds" in a "careful" and "cautious" manner. Id. Nonetheless, a reviewing court "will not hesitate to affirm the dismissal of an action when `the conduct of a party is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice for a failure to * * * obey a court order.'" Id. (quoting Tokles Son, Inc.v. Midwestern Indemn. Co. (1992), 65 Ohio St.3d 621, 632,605 N.E.2d 936, 944) (internal quotation omitted).
 {¶ 20} In Jones, 78 Ohio St.3d at 372, the court described the factors a court should consider when determining if dismissal is an appropriate sanction for a discovery violation: "Proper factors for consideration in a Civ.R. 41(B)(1) dismissal with prejudice include the drawn-out history of the litigation, including a plaintiff's failure to respond to interrogatories until threatened with dismissal, and other evidence that a plaintiff is deliberately proceeding in dilatory fashion or has done so in a previously filed, and voluntarily dismissed, action. See Link v. Wabash RR. Co. (1962), 370 U.S. 626, 633-635,82 S.Ct. 1386, 1390-1391, 8 L.Ed.2d 734, 740-741; Indus. RiskInsurers v. Lorenz Equip. Co. (1994), 69 Ohio St.3d 576,635 N.E.2d 14, syllabus." See, also, Russo v. Goodyear Tire RubberCo. (1987), 36 Ohio App.3d 175, 178, 521 N.E.2d 1116 (stating that in evaluating the appropriateness of a particular sanction, a court should "consider the posture of the case and what efforts, if any, preceded the noncompliance and then balance the severity of the violation against the degree of possible sanctions"). Our reading of the court's decision reveals that it considered the appropriate factors in its analysis.
 {¶ 21} We also conclude that the court's decision is legally reasonable, i.e., the severity of appellants' violations justify the trial court's dismissal with prejudice. At the time of the dismissal, the case had been pending for over two years and, as the trial court found, appellants had not provided adequate discovery responses, despite three court orders to do so. Moreover, the trial court had previously dismissed appellants' case due to their failure to prosecute. Before the first dismissal, appellants made no attempts to comply with the outstanding discovery orders, and before the second dismissal, appellants made no attempts to comply with the outstanding discovery orders until the eleventh hour. Even then, the discovery was served upon only appellee Hofferbert and appellants filed no other discovery responses to appellees' requests. Although appellants complain that the court's November 12, 2002 allowed them only three days to provide the discovery responses, they were at least in part responsible for the late filing of that entry. Moreover, appellants never requested an extension of time to provide the responses once faced with appellees' motions to dismiss. Appellants proceeded in a dilatory fashion following the "reinstatement" of their case and did so prior to the first dismissal.
 {¶ 22} While the law favors the disposition of cases on their merits, when a party fails to advance a case on the merits, as appellants have done here, a trial court does not abuse its discretion by dismissing the case with prejudice.
Judgment affirmed.
Kline, P.J. Abele, J., concur in Judgment and Opinion.