DECISION AND JUDGMENT ENTRY.
{¶ 1} This is an appeal from a Lawrence County Common Pleas Court judgment in favor of Anchor Packing Co. and several other entities[2], defendants below and appellees herein.
 {¶ 2} Randy Lambert and forty-one other individuals[3], plaintiffs below and appellants herein, raise the following assignments of error for review and determination:
 FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN FINDING THAT PLAINTIFFS-APPELLANTS ARE NOT EXPRESSLY RESERVED THE RIGHT TO REINSTATE THEIR CASES SHOULD THEY MAKE A PRIMA-FACIE SHOWING AND MEET THE NEW MINIMUM IMPAIRMENT CRITERIA UNDER R.C. 2307.93(C)."
 SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN NOT FINDING THAT PLAINTIFFS-APPELLANTS['] STATUTE OF LIMITATIONS IS TOLLED UNDER R.C. 2307.94(A)."
 THIRD ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN FINDING THAT PLAINTIFFS-APPELLANTS['] CLAIMS ARE NOT SUBJECT TO ADMINISTRATIVE DISMISSAL UNDER R.C. 2307.92."
 FOURTH ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN NOT EXPRESSLY MAINTAINING JURISDICTION OVER PLAINTIFFS-APPELLANTS CASES AFTER THE CLAIMS HAD BEEN ADMINISTRATIVELY DISMISSED UNDER R.C. 2307.93(C)."
 {¶ 3} On May 5, 2004, appellants filed an asbestos-related complaint against appellees and alleged various asbestos-related injuries. Subsequently, they filed a request for additional time to set forth a prima facie case under R.C. 2307.92. Appellants conceded that they could not, at that time, fulfill the R.C. 2307.92 requirements.
 {¶ 4} On December 2, 2005, the trial court dismissed appellants' case with prejudice. The court found that they failed to set forth a prima facie case, as required by R.C. 2307.92. The court stated: "This is not an administrative dismissal as would place these parties in the position of reopening their respective cases at some unknown future time thus tolling [the] applicable statutes of limitations. These parties['] claims are dismissed. Plaintiffs are not expressly reserved the right to reinstate any and all such claims." This appeal followed.
 {¶ 5} Because appellants' four assignments of error challenge the trial court's decision to dismiss their case, we address them together. In their assignments of error, appellants assert that the trial court erred by: (1) determining that they are not entitled to reinstate their case in the future if they become able to set forth a prima facie claim and meet the R.C. 2307.93(C) criteria; (2) failing to find that the statute of limitations is tolled under R.C. 2307.94(A); (3) not concluding that appellants' claims are subject to administrative dismissal under R.C. 2307.92; and (4) not maintaining jurisdiction over the action.
 {¶ 6} R.C. 2307.93(C) provides:
 The court shall administratively dismiss the plaintiff's claim without prejudice upon a finding of failure to make the prima-facie showing required by division (B), (C), or (D) of section 2307.92 of the Revised Code. The court shall maintain its jurisdiction over any case that is administratively dismissed under this division. Any plaintiff whose case has been administratively dismissed under this division may move to reinstate the plaintiff's case if the plaintiff makes a prima-facie showing that meets the minimum requirements specified in division (B), (C), or (D) of section 2307.92 of the Revised Code.
 {¶ 7} In the case at bar, we agree with appellants that the trial court's dismissal with prejudice violates the R.C. 2307.93(C) mandate. The statute provides that a court "shall administratively dismiss the plaintiff's claim without prejudice." While we fully understand the trial court's desire to control its docket, we believe that the statute's language requires the trial court to administratively dismiss the case, to maintain its jurisdiction, and to allow appellants the opportunity to reinstate their case if they become able to set forth a prima facie case.
 {¶ 8} Appellees' attempt to defend the trial court's action under Civ. R. 41(B)(1) is unavailing. Civ. R. 41(B)(1) provides: "Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim." Civ. R. 41(B)(1) permits a court to dismiss an action when a plaintiff fails to prosecute or fails to comply with the Civil Rules or any court order. Civ. R. 41(B)(1) also requires courts to give prior notice of intent to dismiss with prejudice in order to provide a non-complying party a final chance to obey. Quonset Hut, Inc. v. Ford Motor Co.
(1997), 80 Ohio St.3d 46, 48, 684 N.E.2d 319; Rankin v. Willow ParkConvalescent Home (1994), 99 Ohio App.3d 110, 112, 649 N.E.2d 1320. Generally, a party has notice of an impending dismissal with prejudice for failure to comply with a court's order when counsel has been informed that dismissal is a possibility and a reasonable opportunity has been provided to defend against dismissal. Quonset Hut, syllabus; see, also, id. at 48 (stating that a party may have notice of an impending dismissal when the party is aware that the opposing party has filed a motion to dismiss). "The purpose of notice is to provide the party in default an opportunity to explain the default or to correct it, or to explain why the case should not be dismissed with prejudice." Id. at 48, quoting Logsdon v. Nichols (1995), 72 Ohio St.3d 124, 128,647 N.E.2d 1361 (internal quotation omitted).
 {¶ 9} In the case sub judice, appellants did not fail to prosecute their case, but rather admitted that they could not produce the evidence necessary to comply with the statute. The statute contemplates this scenario. As we note above, the statute provides that a court "shall" administratively dismiss the action, not dismiss the action with prejudice. Therefore, in the case sub judice, we believe that the trial court erroneously dismissed the case with prejudice, and appellees' reliance upon Civ. R. 41(B)(1) to support its decision is misplaced.
 {¶ 10} Accordingly, we hereby sustain appellants' first, third, and fourth assignments of error. Our disposition of appellants' first, third, and fourth assignments of error renders their second assignment of error moot and we will not address it. See. App. R. 12(A)(1)(c). Therefore, we hereby reverse the trial court's judgment and remand this matter for further proceedings consistent with this opinion.
JUDGMENT REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
 JUDGMENT ENTRY
It is ordered that the judgment be reversed and remanded for further proceedings consistent with this opinion. Appellants shall recover of appellees costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, P.J., Abele, J. McFarland, J.: Concur in Judgment Opinion
William H. Harsha Presiding Judge, Peter B. Abele, Judge, Matthew W. McFarland, Judge.
 APPENDIX
Counsel for Beazer East, Inc. and Ingersoll-Rand Company: Kevin C. Alexandersen, John A. Valenti, and Colleen A. Mountcastle, Sixth Floor-Bulkley Building, 1501 Euclid Avenue, Cleveland, Ohio 44115
Counsel for General Electric Company and CBS Corporation: Reginald S. Kramer, 195 South Main Street, Suite 300, Akron, Ohio 44308-1314
Counsel for A.W. Chesterton Company, Joseph J. Morford, John P. Patterson, and Matthew M. Daiker, 925 Euclid Avenue, 1150 Huntington Building, Cleveland, Ohio 44115
Counsel for The BOC Group, Inc. fka Airco, Inc., Hobart Brothers Company and Lincoln Electric Company: Henry E. Billingsley, II, Carter E. Strang, Rachel McQuade, and Halle M. Hebert, 1150 Huntington Building, 925 Euclid Avenue, Cleveland, Ohio 44115-1414
Counsel for Owens-Illinois, Inc.: Rebecca C. Sechrist, One SeaGate, Suite 650, Toledo, Ohio 43604
Counsel for John Crane, Inc.: David L. Day, 380 South Fifth Street, Suite 3, Columbus, Ohio 43215
Counsel for CSR Ltd.: Douglas N. Barr and Lorraine Debose, 1400 Fifth Third Center, Cleveland, Ohio 44114-2652
Counsel for Garlock Sealing Technologies, LLC and Riley Stoker Corporation: Matthew C. O'Connell and Douglas R. Simek, 3600 Erieview Tower, 1301 East 9th Street, Cleveland, Ohio 44114
Counsel for Honeywell International: Sharon J. Zealey and William M. Huse, 201 East Fifth Street, Suite 1700, Cincinnati, Ohio 45202
Counsel for Mobil Corporation: Susan Squire Box and Brad A. Rimmel, 222 South Main Street, Akron, Ohio 44308
Counsel for International Minerals and Chemical Corporation: Thomas L. Eagen, Jr. and Christine Carey Steele, 2349 Victory Parkway, Cincinnati, Ohio 45206
Counsel for Amchem Products, Inc., Certainteed Corporation, Foseco, Inc., H.B. Fuller Co., Industrial Holdings Corporation, Union Carbide Corporation, and 3M Company: Richard D. Schuster, Nina I. Webb-Lawton, and Anthony L. Osterlund, 52 East Gay Street, P.O. Box 1008, Columbus, Ohio 43216-1008
[2] The other defendants include: (1) Beazer East, Inc.; (2) Clark Industrial Insulation, Inc.; (3) Crown Cork and Seal Company, Inc.; (4) CSR Limited; (5) Foseco, Inc.; (6) Foster Wheeler Energy Corporation; (7) General Refractories Company; (8) Metropolitan Life Insurance; (9) Minnesota Mining and Manufacturing Company; (10) Ohio Valley Insulating Co., Inc.; (11) Owens-Illinois Corporation, Inc.; (12) Rapid-American Corp.; (13) Union Boiler Company; (14) Viacom, Inc.; (15) R.E. Kramig, Inc.; (16) McGraw Construction Company, Inc.; (17) McGraw/Kokosing, Inc.; (18) Frank W. Schaefer, Inc.; (19) International Minerals and Chemical Corporation; (20)George P. Reintjes Company; (21) International Chemicals Company; (22) General Electric Company; (23) Georgia Pacific Corporation; (24) Uniroyal Holding, Inc.; (25) John Crane, Inc.; (26) Amchem Products, Inc.; (27) Certainteed Corp.; (28) Dana Corporation; (29) Maremont Corp.; (30) Pfizer, Inc.; (31) Quigley Co., Inc.; (32) Union Carbide Chemical and Plastics Co., Inc.; (33) Garlock, Inc.; (34) A.W. Chesterton Co.; (35) Mobile Oil Corp.; (36) Wheeler Protective Apparel, Inc.; (37) Ingersoll-Rand Company; (38) D.B. Riley, Inc.; (39) Allied Corporation; (40) Lincoln Electric Co.; (41) Wagner Electric Company; (42) Airco, Inc.; (43) Hobart Brothers Company; (44) Asarco, Inc.; (45) Cleaver Brooks Company; (46) Uniroyal, Inc.; (47) H.B. Fuller Co.; (48) Norton Company; (49) Industrial Holdings Company; (50) Bigelow Litpak Company; and (51) 100 John Doe defendants.
[3] The other plaintiffs in this appeal include: Janet Lambert, Phillip C. Stapleton, Sr., Karen J. Stapleton, Henry W. Kimbler, Phillip L. Alfrey, Clyda Alfrey, Jack Butler, Joyce Butler, Jefferson Estep, Virginia H. Estep, Homer Whitehead, Donna Whitehead, John J. Stapleton, Jr., Jean Stapleton, Ralph G. Coburn, Patricia Coburn, Carl Keith Dickess, Donna Dickess, Howard T. Eaches, Brenda Eaches, Paul E. Perry, Dorothy Perry, Gary L. Matney, Paula Matney, Ralph L. Hackworth, Ruth Hackworth, Eugene McClain, Robert B. Clement, Connie G. Clement, Gary Simpson, Vickie Simpson, Charles A. Leach, Donald L. Coffman, Gail M. Coffman, Leslie E. Wilson, Raymond Vinson, Carrie Jane Vinson, William R. Carter, Mildred J. Carter, Daryl E. Davis, and Sandra Davis.