OPINION
{¶ 1} Elisha Drukker and Paul Andorfer, M.D. appeal from the order of the trial court which granted Paul Cooper's motion to compel Drukker and Andorfer to answer certain interrogatories.
 {¶ 2} On December 5, 2006, Cooper filed a complaint in the Clark County *Page 2 
Municipal Court against Elisha Drukker and Paul Andorfer, M.D. The complaint alleged that Ms. Drukker disclosed confidential medical information without the consent of plaintiff. The complaint also alleged that Dr. Andorfer was responsible under the doctrine of respondeat superior as the alleged employer of Ms. Drukker. Defendants answered the complaint on December 18, 2006.
 {¶ 3} On December 28, 2006, plaintiff served his First Set of Interrogatories on Dr. Andorfer, which contained six interrogatories. On January 25, 2007, Dr. Andorfer answered four of the interrogatories but objected to answering two of them. (Exhibit A to Defendants' Motion for Reconsideration, Answers attached hereto Appendix Exhibit A.) On or about January 29, 2007, plaintiff filed a Motion to Compel, asking the court to compel Dr. Andorfer to answer the two interrogatories. On February 5, 2007, just seven days after the motion was filed, the trial court ordered Dr. Andorfer to answer the two interrogatories. On February 9, 2007, Dr. Andorfer filed a Motion for Reconsideration with an accompanying memorandum, but before the trial court could rule, defendants filed their appeal.
 {¶ 4} In his complaint, Cooper specifically alleges that Ms. Drukker "has access to confidential medical files as part of her employment" with Dr. Andorfer. He further claims that he established "a patient-physician relationship with defendant Andorfer during which plaintiff has disclosed confidential medical information to defendant Andorfer and which medical information has been documented by chart." (Complaint at If 3.) Cooper claims that on or about September 8, 2006, "defendant Alisha (sic) Drukker, during the course of an (sic) in the scope of her employment berated plaintiff Cooper by discussing and thereby disclosing plaintiff's confidential medical information *Page 3 
relating to Mr. Cooper's medical history to several people other than plaintiff, without his consent including Kevin H. Dillow and other persons in the waiting room of Dr. Andorfer." (Id. at If 4.) With regard to Dr. Andorfer, plaintiff alleged "Defendant Andorfer is liable for the actions of defendant Alisha (sic) Drukker under the doctrine of respondeat superior." (Id. At ¶ 8.) There are no other allegations against Dr. Andorfer.
 {¶ 5} After filing his complaint, plaintiff served his First Set of Interrogatories on Dr. Andorfer. On January 25, 2007, Dr. Andorfer forwarded his answers to the interrogatories. The interrogatories at issue in this appeal are interrogatories one and four, which asked and were answered as follows:
 {¶ 6} "1. What is your full name and home address?
 {¶ 7} "ANSWER Paul Andorfer, M.D.
 {¶ 8} "Pain Management Services of Southwest Ohio, Inc.
 {¶ 9} "1220 E. Home Road
 {¶ 10} "Springfield, Ohio
 {¶ 11} "Objection as to my home address as it is not calculated to lead to the discovery of admissible evidence." (Pl.'s Interrogs. At 1.)
 {¶ 12} "4. What are the names and addresses of all persons known toyou who were present at your office at 1220 E. Home Road in Springfield,Ohio on September 8, 2006 after 12:01 P.M. and before 4:00 P.M.?
 {¶ 13} "ANSWER Objection. This Interrogatory is not calculated to lead to the discovery of admissible evidence. In addition, this Interrogatory requests production of information which is confidential pursuant to the physician-patient privilege. Without waiving said objection, the employees of Pain Management Services of Southwest Ohio, *Page 4 
Inc. present on September 8, 2006 after 12:01 PM and before 4:00 PM include Paul E. Andorfer, M.D., Elisha Drukker, Lois Burcham, Kerry Bowshier and Rita Fitzwater." (Id. At 2.)"
 {¶ 14} Plaintiff filed a Motion to Compel on January 29, 2007, four days after the answers were served. In his motion, plaintiff moved the court for an order compelling answers to interrogatories 1 and 4. With respect to Interrogatory 4, plaintiff claimed the question "was designed to elicit the names and addresses of the persons not known by plaintiff who may have been witnesses to the tortious conduct in question." (Motion at 1). With respect to Interrogatory 1, plaintiff argued that, because defendants requested such information from plaintiff (which he answered without objection), he should be entitled to same from Dr. Andorfer, even though the allegations against Dr. Andorfer pertain to professional status as opposed to any personal claims. The trial court granted plaintiff's Motion to Compel without allowing defendants an opportunity to respond.
 {¶ 15} In a single assignment of error, appellants contend the trial court erred in ordering them to turn over privileged and confidential information, namely the identity of those patients in the medical office waiting room. Also, appellants argue the trial court erred in granting appellee's motion to compel without providing them an opportunity to respond to the motion within the time period permitted by the local rule. Also, appellants argue that appellee failed to comply with Civ.R. 37(E) which requires the party to make reasonable efforts to resolve the discovery dispute informally before filing the motion to compel. Lastly, appellants argue that Dr. Andorfer should not be compelled to disclose his home address as it is not relevant to any of the claims at issue nor is it likely to assist in discovering any admissible evidence. *Page 5 
 {¶ 16} Appellee, for his part, argues that the identity of Dr. Andorfer's patients is not privileged or confidential information. Appellee did not address the argument that the trial court decided the motion without according appellants an opportunity to respond, nor does he address his failure to comply with Civ.R. 37(E). He argues he needs the doctor's address because it could lead to useful matters such as proper venue, location of attachable assets, and the area where neighbors can be contacted.
 {¶ 17} The appellants' assignment of error is well taken in part. Clark County Municipal Civ.R. 2.27(C) provides that an opposing memorandum "shall be filed not later than fourteen (14) days from the service of the motion." The trial court granted appellee's motion one week before appellants' memorandum was due. Appellee also failed to comply with Civ.R. 37(E) concerning his efforts to resolve the discovery request without intervention of the trial court. Upon remand, the trial court should consider the issues of privilege and confidentiality raised in the memorandum filed February 9, 2007.
 {¶ 18} The judgment of the trial court is Reversed and Remanded for further proceedings consistent with this opinion.
 FAIN and DONOVAN, JJ., concur. *Page 1