DECISION AND JUDGMENT ENTRY
{¶ 1} Gerald and Patricia Entingh (hereinafter "the Entinghs"), husband and wife, appeal the judgment of the Hocking County Court of Common Pleas. The trial court dismissed the Entinghs' complaint with prejudice because the Entinghs had failed to comply with a court order compelling discovery. The Entinghs contend that the trial court should not have granted Old Man's Cave Chalets, Inc.'s (hereinafter "Old Man's Cave Chalets") motion to compel without giving the Entinghs an opportunity to respond. However, we find that any error the court may have committed in granting the motion to compel was harmless. The Entinghs also contend that they did not have a reasonable opportunity to respond to the motion to dismiss, and that their failure to comply with the court order was not the result of willfulness or bad faith. We agree that the trial court *Page 2 
did not give the Entinghs a reasonable opportunity to defend against the possibility of dismissal and, therefore, we find that the trial court abused its discretion. Because the trial court's error was procedural, we will take no position on whether the Entinghs' conduct warranted dismissal. Accordingly, we reverse the judgment of the trial court and remand this cause to the trial court for further proceedings consistent with this opinion
 I. {¶ 2} The Entinghs celebrated their wedding anniversary at Old Man's Cave Chalets from February 24-26, 2006. Sometime after using the hot tubs at Old Man's Cave Chalets, the Entinghs developed infections in their groin regions. Dr. Cameron Woodlief (hereinafter "Dr. Woodlief"), the primary care physician for the Entinghs, diagnosed Patricia Entingh with Community-Acquired Methicillin Resistant Staphylococcus aureus (hereinafter "CA-MRSA"). It is not entirely clear from the record whether Gerald Entingh was also diagnosed with CA-MRSA. In their complaint, the Entinghs alleged that the hot tubs at Old Man's Cave Chalets had caused their infections.
 {¶ 3} On August 8, 2008, Old Man's Cave Chalets filed a motion to compel discovery. Attached to the motion were several letters that Old Man's Cave Chalets' attorney had sent to the Entinghs' attorney. The letters, dated June 17, July 3, July 16, July 22, and July 31, 2008, document Old Man's Cave Chalets' attempts to obtain discovery from the Entinghs.
 {¶ 4} The first three letters express Old Man's Cave Chalets' desire to depose the Entinghs and Dr. Woodlief. The July 22 letter reiterates that desire; *Page 3 
furthermore, it notes that the Entinghs had failed to disclose sufficient information about their medical history or expert medical witnesses in answers to interrogatories. "Simply put, if there are other physicians that your client knows about or should know about based on his visits with them, including any other practitioners, hospital facilities and so forth, as detailed in Interrogatory number 10, then I would expect that your client research his records and provide me with the complete identities and contact information of those practitioners and/or facilities to enable discovery to take place." July 22 Letter from Beau K. Rymers to J. Douglas Stewart. Neither the interrogatories nor the Entinghs' answers are actually in the record.
 {¶ 5} The July 31 letter threatened that Old Man's Cave Chalets would file a motion to compel if the Entinghs continued to ignore Old Man's Cave Chalets' discovery requests. That letter states "[o]n June 17th I wrote you asking for the depositions of your clients and Dr. Woodlief. Thus a month and a half have elapsed, depriving me of necessary discovery. I will leave it to you to provide me available dates for these depositions no later than August 6th, 2008 to avoid a motion to compel. The dates the depositions are actually to be conducted can be later than the 6th; its [sic] just the scheduling that needs to occur before that date." July 31 Letter from Beau K. Rymers to J. Douglas Stewart. Receiving no answer, Old Man's Cave Chalets filed its motion to compel on August 8, 2008. The trial court entered an Entry and Order compelling discovery (hereinafter the "August 8 Order To Compel") on that same day. *Page 4 
 {¶ 6} In the August 8 Order To Compel, the trial court ordered the Entinghs to "submit to depositions by Defendant's counsel no later than the 20th day of August, 2008[.]" The trial court also ordered the Entinghs to "submit for deposition by Defendant any and all of their expert medical testifying witnesses, including but not limited to Dr. Cameron Woodlief, no later than the 30th day of August, 2008[.]" Id. (emphasis added). Additionally, the August 8 Order to Compel warns the Entinghs that failure to "comply completely with this Order may include sanctions including dismissal of Plaintiffs' claim with prejudice." Id.
 {¶ 7} The Entinghs complied with much of the August 8 Order To Compel. Old Man's Cave Chalets did indeed depose the Entinghs on August 19. And the parties had scheduled Dr. Woodlief's deposition for either August 19 or August 29. But the Entinghs made no other expert medical witnesses available for deposition. This became an issue when Old Man's Cave Chalets learned that Dr. Timothy Anderson (hereinafter "Dr. Anderson") had been treating Patricia Entingh for CA-MRSA. Old Man's Cave Chalets first became aware of Dr. Anderson during Patricia Entingh's deposition.
 {¶ 8} Claiming that they had just learned of Dr. Anderson's existence as a potential testifying witness, the Entinghs filed their motion to vacate part of the August 8 Order To Compel on August 20, 2008. The Entinghs claimed that Dr. Anderson had not returned their phone calls and, therefore, was unlikely to be deposed before the August 30 deadline. Old Man's Cave Chalets filed a memorandum contra to the Entinghs motion on August 25, 2008. From this, the trial court learned that the Entinghs had proposed an October 8, 2008 date for *Page 5 
Dr. Anderson's deposition. Then, on September 2, 2008, Old Man's Cave Chalets filed a supplemental brief that included a letter from Dr. Woodlief to the Entinghs' attorney. The letter, dated May 26, 2008, states that Patricia Entingh saw Dr. Anderson on March 25, 2008. According to an affidavit provided by Old Man's Cave Chalets' attorney, the letter was not included in the previous disclosure of the Entinghs' medical records. Instead, it had just been disclosed to Old Man's Cave Chalets. On September 3, 2008, Old Man's Cave Chalets filed its motion to dismiss based on the Entinghs' failure to comply with the August 8 Order To Compel. The trial court granted the dismissal with prejudice on September 4, 2008.
 {¶ 9} The Entinghs appeal, asserting the following assignments of error: I. "THE TRIAL COURT ABUSED ITS DISCRETION BY ENTERING AN ORDER DISMISSING THE PLAINTIFFS' COMPLAINT WITH PREJUDICE PRIOR TO THE EXPIRATION OF FOURTEEN (14) DAYS AFTER THE FILING OF DEFENDANT'S MOTION ON SEPTEMBER 3, 2008, FOR FAILURE TO COMPLY WITH THE PRIOR ORDER DATED AUGUST 08, 2008, THAT COMPELLED DISCOVERY BY AUGUST 30, 2008 OF APPELLANTS AND ALL EXPERT MEDICAL TESTIFYING WITNESSES." II. "THE TRIAL COURT ABUSED ITS DISCRETION BY ENTERING AN ORDER COMPELLING DISCOVERY ON AUGUST 08, 2008 PURSUANT TO MOTION FILED ON AUGUST 07, 2008 PRIOR TO THE EXPIRATION OF FOURTEEN (14) DAYS FOR FAILURE TO PROVIDE DEPOSITION TESTIMONY OF THE PLAINTIFFS, DR. WOODLIEF AND ALL EXPERT MEDICAL TESTIFYING WITNESSES." *Page 6 
And, III. "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DISMISSING THE PLAINTIFFS' COMPLAINT WITH PREJUDICE BECAUSE OF NON-COMPLIANCE WITH A PRE-TRIAL DISCOVERY ORDER WHERE THE FAILURE TO COMPLY IS DUE TO INABILITY, RATHER THAN WILLFULNESS, BAD FAITH, OR FAULT ON THE PART OF THE APPELLANTS WHERE NO HEARING WAS CONDUCTED AND NO OPPORTUNITY TO PRESENT PLAINTIFFS' VERSION WAS AFFORDED."
 II. A. {¶ 10} Before we address the Entinghs' assignments of error, we find it important to discuss the record before this Court. The record in this case is quite thin and contains a modicum of evidence relevant to the issues on appeal. In a joint Stipulation and Submission of Evidentiary Materials, the Entinghs and Old Man's Cave Chalets attempted to supplement the record with transcripts of the depositions of Gerald Entingh, Patricia Entingh, and Dr. Woodlief. Along with the transcripts, the parties included copies of exhibits from those depositions. (Mistakenly, the parties also submitted a "Notice Of Service Of Discovery Pleading" that was already in the record.) The parties made these submissions pursuant to App. R. 9(E). However, "App. R. 9(E) is only applicable when the materials that are missing or omitted were actually part of the record in the trial court." Magistrate's Order Filed November 3, 2008. "`A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter.'" State *Page 7 ex rel. Duncan v. Chippewa Twp. Trustees (1995), 73 Ohio St.3d 728, 730, quoting State v. Ishmail (1978), 54 Ohio St.2d 402, paragraph one of the syllabus. As a result, the parties' new evidence has been stricken from the record and will not be considered by this Court.
 {¶ 11} It is also a longstanding rule "that the record cannot be enlarged by factual assertions in the brief." Dissolution of Doty v.Doty (Feb. 28, 1980), Pickaway App. No. 411, citing Scioto Bank vColumbus Union Stock Yards (1963), 120 Ohio App. 55, 59. Therefore, we have disregarded facts in either party's brief that are outside of the record.
 B. {¶ 12} We will first address, out of order, the Entinghs' second assignment of error. The Entinghs contend that the trial court abused its discretion by entering the August 8 Order To Compel.
 {¶ 13} "[T]he standard of review of a trial court's decision in a discovery matter is whether the court abused its discretion." St.Joseph's Hosp. v. Hoyt, Washington App. No. 04CA20, 2005-Ohio-480, at ¶ 31, citing Mauzy v. Kelly Serv., Inc. (1996), 75 Ohio St.3d 578, 592. Therefore, our standard of review is whether the trial court abused its discretion in granting the motion to compel. State ex rel. The V Cos. v.Marshall (1998), 81 Ohio St.3d 467, 469 (stating that trial court did not abuse its discretion by overruling a motion to compel); St. Joseph'sHosp. at ¶ 31; see, also, DeMeo v. Provident Bank, Cuyahoga App. No. 89442, 2008-Ohio-2936, at ¶ 71; Folmar v. Griffin (2006),166 Ohio App.3d 154, 157. An abuse of discretion "implies that the court acted in an unreasonable, *Page 8 
arbitrary, or unconscionable manner." St. Joseph's at ¶ 31, quotingState ex rel. Sartini v. Yost (2002), 96 Ohio St.3d 37, 41
 {¶ 14} Old Man's Cave Chalets filed its motion to compel pursuant to Civ. R. 37. "Upon reasonable notice to other parties * * * a party may move for an order compelling discovery[.]" Civ. R. 37(A). Civ. R. 37(E) provides: "Before filing a motion authorized by this rule, the party shall make a reasonable effort to resolve the matter through discussion with the attorney, unrepresented party, or person from whom discovery is sought. The motion shall be accompanied by a statement reciting the efforts made to resolve the matter in accordance with this section."
 {¶ 15} Here, we find that the there was sufficient evidence to show that the Entinghs had repeatedly failed to respond to Old Man's Cave Chalets' discovery requests. The July 31 letter gave the Entinghs "reasonable notice" that Old Man's Cave Chalets would file the motion to compel if the Entinghs did not respond by August 6. And finally, Old Man's Cave Chalets provided evidence that it had made reasonable efforts to resolve the matter before filing the motion to compel.
 C. {¶ 16} However, the Entinghs contend that the trial court should not have granted the motion to compel without first affording the Entinghs an opportunity to present their side of the issue. A survey of Ohio decisions finds that courts have disagreed on this question. *Page 9 
 {¶ 17} The facts in this case are quite similar to Mobley v.Palmer (Jan. 25, 2001), Monroe App. No. 833. In Mobley, one of the parties filed a motion to compel discovery after the opposing party failed to comply with multiple discovery requests. The trial court granted that motion two days later without hearing from the non-moving party. One of the issues on appeal was whether the trial court should have granted the motion to compel without giving the non-moving party adequate notice of a hearing on the motion.[1] The Court of Appeals for Monroe County stated that "Civ. R. 37(A), which specifically addresses the procedure for filing a motion for an order compelling discovery, does not require that a hearing be held on the motion, unless expenses are awarded to the party favored by the trial court's motion disposition." Id. According to Mobley, "the trial court granted appellees' motion to compel without imposing an award of expenses, and thus granting the motion without a hearing was within the trial court's discretion." Id.
 {¶ 18} Under different circumstances, other Ohio courts have reached similar conclusions. See, e.g., Keen Well Pump, Inc. v. Hill, Licking App. No. 2007CA0134, 2008-Ohio-3315, at ¶ 44-48 (trial court did not abuse its discretion by granting motion to compel after six days and without hearing from the other side); Flatt v. Atwood NursingCenter, Crawford App. No. 30626, 2007-Ohio-5387, at ¶ 11-19 (trial court did not abuse its discretion by granting motion to compel after four days and without hearing from the other side). *Page 10 
 {¶ 19} However, several Ohio cases state that, in granting a motion to compel, a trial court abuses its discretion by not following the applicable procedural rules. The trial court granted a motion to compel discovery three days after it was filed in Cuervo v. Snell (Sep. 26, 2000), Franklin App. Nos. 99AP-1442, 99AP-1443, 99AP-1458. The Franklin County Court of Appeals overruled the trial court and stated the "trial court's decision was filed eleven days before the time Loc. R. 21.01 allowed appellants to respond to appellees' motion. The trial court's decision was also filed twenty-five days before the time Loc R. 21.01 [sic] states that the motion `shall be deemed submitted to the Trial Judge.'" Id. As a result, the court found "that the trial court committed reversible error by not allowing appellants an opportunity to respond to appellees' motion before rendering its decision." Id. See, also, Cooper v. Drukker, Clark App. No. 07CA13, 2007-Ohio-3702, at ¶ 14-17 (trial court abused its discretion by not following local rules and granting motion to compel without affording non-moving party the chance to respond); White v. Aztec Catalyst Co. (Nov. 1 2000), Lorain App. No. 00CA007589 (trial court abused its discretion by granting motion to compel after one day and without hearing from the other side);Gibson-Myers Assocs. v. Pearce (Oct. 27, 1999), Summit App. No. 19358 (trial court abused its discretion by granting motion to compel after four days and without hearing from the other side).
 {¶ 20} The Supreme Court of Ohio has suggested that a non-moving party should be given adequate time to respond to a motion to compel.Hillabrand v. Drypers Corp. (2000), 87 Ohio St.3d 517, 520, fn. 1. InHillabrand, the court held *Page 11 
that the trial court abused its discretion by dismissing the plaintiffs case in a manner that did not comply with the local rules. The court also stated that "[n]ot only did the trial court prematurely grant appellee's motion for sanctions, it also failed to allow Hillabrand sufficient time to respond to appellee's initial motion to compel discovery, granting it the day after it was filed." Id. at 520, fn. 1.Hillabrand does not explicitly state that a trial court abuses its discretion by granting a motion to compel in such a circumstance. But we are mindful that "[h]owever hurried a court may be in its efforts to reach the merits of a controversy, the integrity of procedural rules is dependent upon consistent enforcement because the only fair and reasonable alternative thereto is complete abandonment." Miller v.Lint (1980), 62 Ohio St.2d 209, 215.
 {¶ 21} Under the Local Rules in Hocking County, a "party opposing [a] motion shall serve and file within seven (7) days thereafter a brief written statement of the reasons in opposition to the motion[.]" Hocking County Loc. R. 8(C). In the present case, the trial court granted Old Man's Cave Chalets' motion to compel on the same day it was filed. Here, it is not necessary to resolve whether a trial court abuses its discretion by granting a motion to compel in such a manner. Because while we tend to agree that a court should indeed follow its own local rules, we find that any procedural error committed by the trial court in granting the motion was harmless.
 {¶ 22} We will not reverse a judgment on the basis of harmless error. Civ. R. 61. The Entinghs filed their motion to vacate part of the August 8 Order To Compel on August 20, 2008. Therefore, the Entinghs responded to Old *Page 12 
Man's Cave Chalets' claims before any sanctions were to be imposed as a result of the August 8 Order To Compel. This afforded the Entinghs a reasonable opportunity to present their side of the issue, including the opportunity to show that they had made good faith efforts to comply with Old Man's Cave Chalets' discovery requests. See, e.g., Luke v. ClevelandClinic Foundation (Mar. 28, 1996), Cuyahoga App. No. 69049,Mobley. Finally, even if the trial court had granted the motion to compel in a timeframe that complied with the local rules, the Entinghs would have been unable to comply with the order. Dr. Anderson was not available for deposition until October 8, 2008. Pushing back the August 30 discovery deadline an additional seven or fourteen[2] days would not have changed the outcome for the Entinghs. As a result, we do not believe that the procedural irregularity affected the Entinghs' substantial rights.
 D. {¶ 23} Accordingly, for the above-stated reasons, we overrule the Entinghs' second assignment of error.
 III. {¶ 24} We will address Entinghs' first and third assignments of error together. The Entinghs contend that the trial court erred by dismissing the Entinghs' complaint with prejudice and upon the merits. The Entinghs contend *Page 13 
that the trial court should have afforded them an opportunity to respond to Old Man's Cave Chalets' motion to dismiss.[3]
 {¶ 25} Because of the drastic nature of such a decision, we review a trial court's dismissal of a complaint with prejudice under a heightened abuse of discretion standard. Jones v. Hartranft (1997),78 Ohio St.3d 368, 372; Whitt v. Zugg, Highland App. No. 03CA8, 2004-Ohio-788, at ¶ 14; Kline v. Morgan (Jan. 3, 2001), Scioto App. Nos. 00CA2702 and 2712. This means we closely scrutinize a court's decision to dismiss in order to insure that it was not the result of an unreasonable, arbitrary or unconscionable attitude on the part of the court. Whitt at ¶ 14, citing Jones at 371. "In essence, our review focuses upon whether: 1) the trial court applied the appropriate analysis and factors in reaching its decision, and 2) the merits of that decision are based on reason and logic." Id.
 {¶ 26} It is not entirely clear whether the trial court dismissed the Entinghs' complaint pursuant to Civ. R. 37(B)(2)(c), Civ. R. 41(B)(1), or both. Civ. R. 41(B)(1) provides: "Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim." And Civ. R. 37(B)(2)(c) provides: "If any party * * * fails to obey an order to provide or permit discovery, * * * the court in which the action is pending may make such orders in regard to the failure as are just, [including] * * * rendering a judgment by default against the disobedient party." Regardless, "[w]hen a trial *Page 14 
court intends to order a dismissal pursuant to Civ. R. 37(B)(2)(c) or Civ. R. 37(D), the court also must comply with Civ. R. 41(B)(1)."Havens v. Norfolk Western Ry (Nov. 20, 1998), Scioto App. No. 97CA2548, citing Quonset Hut, Inc. v. Ford Motor Co. (1997),80 Ohio St.3d 46, 48.
 {¶ 27} Civ. R. 41(B)(1) requires the court to give prior notice of its intent to dismiss with prejudice in order to give the non-complying party a final chance to obey. Quonset Hut at 48; Whitt at ¶ 15;Rankin v. Willow Park Convalescent Home (1994), 99 Ohio App.3d 110, 112. The notice requirement of Civ. R. 41(B)(1) "`applies to all dismissals with prejudice, including those entered pursuant to Civ. R. 37(B)(2)(c) for failure to comply with discovery orders.'" Dewey L. Tackett Buildersv. Casey (Mar. 15, 2001), Pike App. No. 99CA637, quoting Ohio FurnitureCo. v. Mindala (1986), 22 Ohio St.3d 99, 101 (emphasis sic). A party "has notice of an impending dismissal with prejudice for failure to comply with a discovery order when counsel has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal." Quonset Hut at syllabus; Lambert v. AnchorPacking Co., Lawrence App. No. 05CA45, 2006-Ohio-7098, at ¶ 8. "The purpose of notice is to provide the party in default an opportunity to explain the default or to correct it, or to explain why the case should not be dismissed with prejudice." Quonset Hut at 48, quoting Logsdon v.Nichols (1995), 72 Ohio St.3d 124, 128 (internal quotation omitted);Lambert at ¶ 8; Whitt at ¶ 15. Furthermore, "the notice required by Civ. R. 41 (B)(1) need not be actual but may be implied when reasonable under the circumstances." Quonset Hut at 49. *Page 15 
 {¶ 28} Here, we find that the trial court did not provide the Entinghs a reasonable opportunity to respond to Old Man's Cave Chalets' motion to dismiss. Old Man's Cave Chalets filed its motion to dismiss on September 3, 2008, and the trial court dismissed the case upon the merits just one day later. The Ohio Supreme Court has stated that a "`reasonable opportunity to defend against dismissal' under Quonset contemplates that a trial court allow the party opposing dismissal the opportunity to respond at least within the time frame allowed by the procedural rules of the court." Hillabrand at 519-520.
 {¶ 29} Although not in a Civ. R. 41(B)(1) context, this Court followedHillabrand in Thomas v. Farmers Bank Savings Co. (Jul. 30, 2001), Meigs App. No. 00CA17, 2001-Ohio-2533. In Thomas, the appellee filed a motion to dismiss for failure to bring the cause of action within the applicable statute of limitations. The trial court granted the motion two days later. This Court overruled the trial court because the Meigs County Local Rules allowed the party opposing the motion fourteen days to respond. Therefore, the "appellant did not have a reasonable opportunity to defend against the dismissal request." Id.
 {¶ 30} Here, the Hocking County Local Rules allow the party opposing a motion seven (7) days to respond.[4] The trial court granted Old Man's Cave Chalets' motion to dismiss the day after it was filed. Therefore, the trial court did not allow the Entinghs a "reasonable opportunity to defend against dismissal" as required by Hillabrand and Civ. R. 41(B)(1). See, also, Zeidler v. D'Agostino, *Page 16 
Cuyahoga App. No. 85161, 2005-Ohio-2738, at ¶ 18; El Mahdy v. MahoningNatl. Bank, Mahoning App. No. 01CA27, 2002-Ohio-3851, at ¶ 36-38.
 {¶ 31} Old Man's Cave Chalets contends that, because of the August 8 Order To Compel, the Entinghs had notice that dismissal was possible. Further, Old Man's Cave Chalets contends that the Entinghs had a reasonable opportunity to defend against the possibility of dismissal by complying with the August 8 Order To Compel. We disagree.
 {¶ 32} Because of the many similarities between the present case andHillabrand, we cannot distinguish the present case fromHillabrand. In Hillabrand, the trial court granted the defendant's motion to compel and stated that "[f]ailure to comply with this order will result in sanctions, which may include dismissal of the complaint."Hillabrand at 517. The trial court gave the plaintiff fourteen (14) days to comply with the order (February 18 to March 3). Id. When the plaintiff failed to comply, the defendant filed a motion to dismiss. Id. Two days later, the trial court dismissed the case with prejudice. Id. In the present case, we note the following similarities toHillabrand: (1) the similar warnings to the plaintiffs; (2) the similar time periods for complying with the court orders; and (3) the similar quick dismissals by the trial courts. The Supreme Court of Ohio found that the plaintiff in Hillabrand did not have a reasonable opportunity to defend against dismissal. And because of the similarities, we believe that the Entinghs did not have a reasonable opportunity to defend against Old Man's Cave Chalets' motion to dismiss. Accord Kassouf v.Pantona, Cuyahoga App. Nos. 81012, 80597, 2003-Ohio-553, at ¶ 24-29 (distinguishing Hillabrand because *Page 17 
the plaintiff had two express warnings that trial court would dismiss claim for failure to comply with discovery order).
 {¶ 33} Accordingly, we sustain the Entinghs' first and third assignments of error. However, we take no position on whether the Entinghs' failure to comply with the August 8 Order To Compel was due to "inability" as opposed to "willfulness, bad faith, or fault." That is an issue for the trial court to decide on remand.
 IV. {¶ 34} In conclusion, we find that any error the trial court may have committed in granting the motion to compel discovery was harmless. Therefore, we overrule the Entinghs' second assignment of error. However, we find that the trial court did not afford the Entinghs a reasonable opportunity to defend against the possibility of dismissal. Therefore, we sustain the Entinghs' first and third assignments of error. We reverse the judgment of the trial court and remand this cause to the trial court for further proceedings consistent with this opinion. Finally, we offer no opinion on whether good cause exists to dismiss the Entinghs' claim based on their failure to comply with the August 8 Order To Compel.
JUDGMENT REVERSED AND CAUSE REMANDED. *Page 18 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and this cause BE REMANDED to the trial court for further proceedings consistent with this opinion. Appellants and appellee shall equally pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J.: Concurs in Judgment and Opinion. McFarland, J.: Concurs in Judgment Only.
[1] The appellants in Mobley based their claim on Civ. R. 6(D) ("A written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than seven days before the time fixed for the hearing, unless a different period is fixed by these rules or by order of the court.")
[2] In their second assignment of error, the Entinghs contend that the trial court should have waited fourteen days before granting Old Man's Cave Chalets' motion to compel. However, the Entinghs provide no legal authority to support this contention.
[3] Here, as in their second assignment of error, the Entinghs contend that the trial court should have waited fourteen days before granting Old Man's Cave Chalets' motion to dismiss. However, once again, the Entinghs provide no legal authority to support this contention.
[4] Hocking County Local Rule 8(C) provides: "Each party opposing the motion shall serve and file within seven (7) days thereafter a brief written statement of the reasons in opposition to the motion and a list of citations of the authorities on which he relies." *Page 1