OPINION *Page 2 
{¶ 1} On May 15, 2007, appellee, Keen Well and Pump, Inc., filed a complaint against appellant, Mark Hill, for money due and owing for the drilling of a well. Appellant filed a counterclaim alleging amounts owed by appellee.
 {¶ 2} A bench trial commenced on September 27, 2007. By judgment entry filed October 2, 2007, the trial court found in favor of appellee as against appellant in the total amount of $1,064.00, $769.00 on the account, $70.00 in costs, and $225.00 in sanctions for failing to comply with a discovery order. As for appellant's counterclaim, the trial court found for appellee.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "WHERE THE COMPLAINT GIVES NO NOTICE OR FACTS AT ALL AS TO WHY THE DEFENDANT IS BEING SUED, THE DEFENDANTS' MOTION TO DISMISS ON THE PLEADINGS SHOULD BE GRANTED."
 II {¶ 5} "IT IS AN ABUSE OF DISCRETION TO REFUSE TO ALLOW A WITNESS TO BE CALLED IN A TRIAL, WHEN THE WITNESS IS AVAILABLE IN THE COURTROOM, THE WITNESS HAS BEEN GIVEN NOTICE THAT SHE WILL BE CALLED, AND THE WITNESS IS AN ACTUAL FACT WITNESS DIRECTLY RELATED TO A DEFENSE LAID OUT IN THE ANSWER TO THE ORIGINAL COMPLAINT." *Page 3 
 III {¶ 6} "IN A CIVIL ACTION, TRIED TO THE JUDGE, THE JUDGE MUST ONLY CONSIDER THE EVIDENCE PRESENTED IN THE TRIAL OF THE CASE."
 IV {¶ 7} "IT IS ERROR TO SEND NOTICE OF A TRIAL DATE, AND THEN LATER SEND NOTICE OF A HEARING ON A PLAINTIFFS' MOTION FOR SANCTIONS FOR THE SAME DATE, AND THEN AMBUSH THE DEFENDANT WHO IS ONLY EXPECTING AN ORAL HEARING, BY PUTTING ASIDE THE ORAL HEARING, AND PROCEEDING WITH THE TRIAL OF THE CASE."
 V {¶ 8} "IT IS IMPROPER, AS IT AT THE VERY LEAST GIVES THE APPEARANCE OF IMPROPRIETY, TO CHANGE THE RECORD, AFTER THE TRIAL, FOR A CASE THAT IS ON APPEAL."
 VI {¶ 9} "THE AWARD OF SANCTIONS IS AGAINST THE WEIGHT OF THE EVIDENCE, AND SHOULD BE REVERSED."
 VII {¶ 10} "THE TRIAL COURT ERRED IN GRANTING THE MOTION TO COMPEL DISCOVERY SIX DAYS AFTER IT WAS FILED WITH NO OPPORTUNITY FOR THE DEFENDANT TO REPLY."
 I {¶ 11} Appellant claims the trial court erred in denying his motion to dismiss for failure to state a claim pursuant to Civ. R. 10(D). We disagree. *Page 4 
 {¶ 12} Civ. R. 10(D) governs attachments to pleadings. Subsection (1) states the following:
 {¶ 13} "(1) Account or written instrument. When any claim or defense is founded on an account or other written instrument, a copy of the account or written instrument must be attached to the pleading. If the account or written instrument is not attached, the reason for the omission must be stated in the pleading."
 {¶ 14} We note the complaint was initially filed in small claims as indicated by the caption, and the face of the complaint contains an affidavit by appellee's agent attesting that the amount stated, $769.00, is due on an account. Civ. R. 1(C)(4) clearly states the civil rules "shall not apply to procedure * * * in small claims matters under Chapter 1925, Revised Code." Based upon Civ. R. 1(C)(4), we find Civ. R. 10(D) does not apply in this case.
 {¶ 15} Because of appellant's counterclaim, the case was later removed from the small claims division to the general division. See, Judgment Entry filed June 27, 2007. In appellee's June 27, 2007 reply to the counterclaim, the responses and defenses clearly established appellee's claim was for work performed under an oral agreement and only $1,000.00 had been paid to date:
 {¶ 16} "Plaintiff admits the allegations contained in Paragraph Three (his paragraph two under Defenses) that Defendant rendered a payment in the amount of $1,000.00 to Plaintiff. Plaintiff further admits the allegation that a payment in the amount of $1,000.00 cash was received from Defendant. Plaintiff denies the allegation in Paragraph Three that there was an agreement between the parties that the total cost of the well installation would be $1,000.00 and only $1,000.00. Rather, Defendant knew *Page 5 
that the payment of $1,000.00 was a deposit on an account and misrepresents the nature of the payment. In fact, the bid quote for the job was $3477.00 and the final invoice came well under that initial quote. Plaintiff denies each and every other allegation contained in Defendant's Paragraph Three."
 {¶ 17} We find appellant was clearly put on notice as to the matter to be tried.
 {¶ 18} Upon review, we find the trial court did not err in denying appellant's motion to dismiss.
 {¶ 19} Assignment of Error I is denied.
 II {¶ 20} Appellant claims the trial court erred in denying his request to call appellee's trial counsel as a witness. We disagree.
 {¶ 21} A trial court has broad discretion to determine the mode and order of interrogating witnesses and presenting evidence. Evid. R. 611. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983)5 Ohio St.3d 217.
 {¶ 22} Appellant requested that appellee's counsel, Wendi Fowler, be called as a witness to verify that the amount demanded had already been paid via a "second check." The trial court denied this request. T. at 6. Despite the trial court's denial, we find Ms. Fowler did in fact explain to the trial court the facts surrounding the second check:
 {¶ 23} "THE COURT: All right, just let me ask, I seem to recall from reviewing the interrogatories in this case that you did receive a check from Mr. Hill? *Page 6 
 {¶ 24} "MS. FOWLER: I did not receive a check from. . .
 {¶ 25} "THE COURT: You received a check from the property owner.
 {¶ 26} "MS. FOWLER: Yes, Your Honor.
 {¶ 27} "THE COURT: And you declined to cash it?
 {¶ 28} "MS. FOWLER: We placed it in our trust account while Mr. Fox, the property owner, decided whether or not he wanted me to remit it to my clients, Keen Well and Pump. It was placed in the trust account for a very short period of time until Mr. Fox demanded the money back, at which time we remitted the check for $769.00 back to Mr. Fox.
 {¶ 29} "THE COURT: So the check came from Mr. Fox or Mr. Hill?
 {¶ 30} "MS. FOWLER: It actually came from PVCR, Inc., signed by a Barbara Fox, which I assume is a company owned by Mr. Fox, but I cannot confirm that." T. at 6-7.
 {¶ 31} Upon review, we find the trial court did not err in denying appellant's request to call Ms. Fowler as a witness.
 {¶ 32} Assignment of Error II is denied.
 III {¶ 33} Appellant claims the trial court erred in its determination of the matter based upon the evidence presented. We disagree.
 {¶ 34} A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction Co. (1978),54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent *Page 7 
and credible evidence supporting the judgment rendered by the trial court. Myers v. Garson, 66 Ohio St.3d 610, 1993-Ohio-9.
 {¶ 35} Appellant presented no evidence at the hearing, and did not testify on his own behalf. T. at 7-8. The transcripts provided to this court excluded the testimony of the witnesses, Richard Hauger, James Rollins, and Sandra Hauger. In Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199, the Supreme Court of Ohio held the following:
 {¶ 36} "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. SeeState v. Skaggs (1978), 53 Ohio St.2d 162. This principle is recognized in App. R. 9(B), which provides, in part, that `* * * the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record. * * *' When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." (Footnote omitted.)
 {¶ 37} Upon review, we presume the validity of the trial court's decision.
 {¶ 38} Assignment of Error III is denied.
 IV {¶ 39} Appellant claims the trial court erred in not giving him notice of the trial date and as a result, he was not prepared to present evidence. We disagree. *Page 8 
 {¶ 40} A court order was filed on August 10, 2007 assigning the case for "Trial" on "Thursday, September 27, 2007." Included in the order was a notice of delivery to appellant. Appellant was present for the proceedings. T. at 3. Furthermore, because appellant failed to object to the trial going forward or to request a continuance, he failed to preserve the error for review.
 {¶ 41} Assignment of Error IV is denied.
 V {¶ 42} Appellant claims the record was changed after the trial regarding the notation for September 27, 2007 on two different print-outs of the docket; supposedly, one listed "hearing" and the other listed "non-oral hearing." We find the arguments under this assignment do not have any bearing on the merits of this case.
 {¶ 43} Assignment of Error V is denied.
 VI, VII {¶ 44} Appellant claims the trial court erred in granting appellee's motion to compel discovery and in awarding appellee sanctions. We disagree.
 {¶ 45} Discovery matters and sanctions lie in a trial court's sound discretion. Mauzy v. Kelly Services, Inc. (1996), 75 Ohio St.3d 578;Toney v. Berkemer (1983), 6 Ohio St.3d 455; Blakemore.
 {¶ 46} On August 9, 2007, appellee filed a motion to compel discovery that had been given to appellant on July 3, 2007. By order filed August 15, 2007, the trial court ordered appellant to comply within ten days of the order. Appellant failed to follow the trial court's order. As a result, appellee filed a motion for sanctions on August 28, 2007. On August 29, 2007, appellant filed a motion asking the court to reconsider its ruling on *Page 9 
appellee's motion to compel. By court order filed August 30, 2007, the trial court set the issue of sanctions for the same date as the trial.
 {¶ 47} Following its ruling in favor of appellee, the trial court entertained evidence on the motion for sanctions. T. at 8. Appellee's counsel stated she charged $150.00 an hour and had 1.5 hours invested in the motion for sanctions. The trial court awarded appellee $225.00 for appellant's failure "to comply with the Court's order that discovery occur."
 {¶ 48} Upon review, we find the trial court did not abuse its discretion in ordering appellant to comply with discovery and then awarding sanctions to appellee for appellant's failure to follow the discovery order.
 {¶ 49} Assignments of Error VI and VII are denied.
 {¶ 50} The judgment of the Municipal Court of Licking County, Ohio is hereby affirmed.
 Farmer, P.J. Wise, J. and Delaney, J. concur. *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Licking County, Ohio is affirmed. *Page 1