OPINION
{¶ 1} Appellant, International Language Bank, Inc., files this timely appeal from the judgment of the Conneaut Municipal Court, Ashtabula County, Ohio, entered in favor of appellee, Zukerman, Daiker Lear., Co., L.P.A., after a bench trial on appellant's complaint for breach of contract. For the reasons discussed below, we affirm. *Page 2 
 {¶ 2} This consolidated appeal arises out of a breach of contract dispute which led to dual "actions on account" filed in the small claims court of Conneaut, Ohio. Appellant is a private company based in Conneaut and offers in-court interpreter services in various languages. Appellee is a Cleveland-based law firm who purportedly enlisted appellant's services in the past. In each case, appellant claimed appellee breached contracts into which the parties entered by failing to pay past balances due.
 {¶ 3} On September 19, 2007, the parties appeared for a pretrial conference at which time appellee filed a motion to dismiss. Appellee argued the "interest" charged by appellant on overdue accounts which ran at rate 5% per month stands in violation of state and federal usury laws. It further contended that appellant's failure to attach a copy of the accounts at issue or the contract underlying the account to its complaint was sufficient to dismiss the complaint pursuant to Civ. R. 10(D). The trial court subsequently set the matter for trial on October 24, 2007 effectively overruling appellee's motion. Prior to trial, appellee filed a renewed motion to dismiss asserting the same arguments. The renewed motion was presumptively overruled by the trial court's lack of an express ruling.
 {¶ 4} The parties proceeded to trial on the set date. Appellant was not represented by counsel and presented evidence by way of the testimony of its agent Michelle Eski. Ms. Eski possessed a folder of documents which she attempted to admit into evidence. However, after hearing appellee's objections, the evidence was not admitted. Ms. Eski did not proffer the documents and therefore they are not part of our record. *Page 3 
 {¶ 5} At the conclusion of the trials, the court dismissed both cases with prejudice. Appellant filed the instant appeal and now assigns three errors for our review.
 {¶ 6} Appellant's first assignment of error asserts:
 {¶ 7} "The trial court erred by dismissing the plaintiff-appellant's action on account, with prejudice, for failure to attach a copy of the account to the complaint."
 {¶ 8} Under its first assignment of error, appellant makes an assortment of arguments taking issue with what it believes was the trial court's improper application of Civ. R. 10(D) to dismiss its complaint. Appellant initially argues the trial court erred in dismissing appellant's claim for its failure to attach a copy of the account at issue pursuant to Civ. R. 10(D) because appellee did not file a motion seeking a more definite statement pursuant to Civ. R. 12(E), a necessary precondition to seeking a dismissal pursuant to Civ. R. 10(D). Appellant also claims the trial court's dismissal of its complaint based upon a procedural technicality runs afoul of established policy favoring resolving disputes on their merits. As they are fundamentally related, we shall address appellant's arguments together.
 {¶ 9} The underlying matter was premised upon an alleged breach of contract in which appellant claimed it rendered specific services for appellee but had not received full payment on the account. Civ. R. 10(D) provides, in relevant part:
 {¶ 10} "(1) Account or written instrument. When any claim * * * is founded on an account or other written instrument, a copy thereof must be attached to the pleading. If not so attached, the reason for the omission must be stated in the pleading." *Page 4 
 {¶ 11} The underlying matter was filed in small claims court. Civ. R. 1(C)(4) provides, in relevant part: "These [civil] rules, to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure * * * in small claims matters under Chapter 1925, Revised Code." Recently, in Keen Well and Pump Inc. v. Hill, 5th Dist. No. 2007CA0134, 2008-Ohio-3315, the Fifth Appellate District held that Civ. R. 10(D) was "clearly inapplicable" to matters arising in small claims court where the face of the complaint contained an affidavit by the corporate plaintiff's agent attesting to the amount due on an account. Keen Well and Pump, supra, at ¶ 14. The instant matter is analogous to Keen Well and Pump in this regard. Appellant's agent, Michelle Eski, filed the complaint in small claims court. On the "Information Sheet" attached to the boilerplate complaint Ms. Eski specified the foundation for the complaint and claimed "$2395.00 + court costs + attorney fees if needed." Further, the information sheet required Ms. Eski to aver that the complaint "is true to the best of [her] belief." Given the attestation we align ourselves with the Fifth District and hold Civ. R. 10(D) does not apply in this case. However, even if Civ. R. 10(D) were operable, appellee failed to follow the proper procedure for seeking dismissal under its letter.
 {¶ 12} It is undisputed appellant failed to attach a copy of the contract or account to its complaint. However, appellant properly points out, Civ. R. 10(D) is not effective as a means for dismissing a complaint unless the defendant first files a motion for a definite statement pursuant to Civ. R. 12(E). See McCamon-Hunt Ins. Agency, Inc. v. MedicalMut. of Ohio, 7th Dist. No. 02 CA 23, 2003-Ohio-1221, at ¶ 12; see, also, Landskroner v. Landskroner, 154 Ohio App.3d 471, 2003-Ohio-5077, at ¶ 17; Point *Page 5 Rental Co. v. Posani (1976), 52 Ohio App.2d 183, 186. As the Tenth Appellate District has observed:
 {¶ 13} "The proper procedure for attacking the failure of a plaintiff to attach a copy of a written instrument or to state a valid reason for his failure to attach same is to serve a motion for a definite statement pursuant to Civ. R. 12(E). Had that motion been granted, as would have been proper in this case, plaintiff could have properly been required to amend his complaint within 14 days after notice of the order sustaining the motion for a definite statement, and ordered to attach a copy of the written instrument or state a valid reason for the failure to attach the same. In the event a party fails to obey the order of the court, the court may strike the pleading to which the motion was directed, or make any other orders as it deems just, which would include involuntary dismissal with prejudice pursuant to Civ. R. 41(B)(1)." Point RentalCo., supra.
 {¶ 14} Although appellant admittedly failed to attach a copy of the account or the contract upon which its suit was based, appellee did not move the court for a more definite statement under Civ. R. 12(E). Thus, appellant's argument is academically correct, i.e., under these circumstances, were it applicable, Civ. R. 10(D) would be an invalid basis for dismissing appellant's complaint. However, given the procedural course of the case, it is clear the trial court did not dismiss appellant's complaint pursuant to Civ. R. 10(D).
 {¶ 15} The record indicates that appellee filed a motion to dismiss appellant's complaint pursuant to, inter alia, Civ. R. 10(D) on September 7, 2007. In its motion to dismiss, appellee asserted it had previously requested appellant to produce an itemized account providing a clear, documented statement of what and how appellee owed *Page 6 
appellant the amounts alleged. Instead of meeting this request, appellee asserted appellant produced summary invoices setting forth only an amount owed with no description of the services which were allegedly rendered. Appellee attached these invoices to its motion. The trial court did not rule on the motion. On September 19, 2007, the parties participated in a pretrial conference with the court, after which the matter was set for trial on October 24, 2007. On October 22, 2007, appellee renewed its motion to dismiss appellant's complaint. The trial court did not enter a ruling on appellee's renewed motion. The matter then proceeded to trial.
 {¶ 16} At trial, the court explained to appellant's agent, Michelle Eski, that the burdens of proof and persuasion for the breach claim rested upon appellant. In the wake of these instructions, the trial court asked Ms. Eski to explain why appellant believed appellee owed it money. Ms. Eski testified that her company performed court interpretation services for appellee on three occasions. Although Eski asserted the parties had agreements in place for the services, she also testified they entered written contracts only on the second and third occasions. Ms. Eski stated that the agreements included a clause obligating appellee to pay a 5% monthly late fee for each month the account remained unpaid. Ms. Eski stated that while appellee had paid a portion of what was owed, it still had an outstanding balance and late fees continued to accrue.
 {¶ 17} The evidence indicated that appellant had sent appellee summary invoices from time to time. Appellee attached the invoices to its motion to dismiss. However, the invoices did not include any specific information regarding appellee's account, i.e., none of the invoices included an itemization of what was purportedly owed *Page 7 
under the contracts at issue; further, there was nothing in the invoices to indicate how appellant arrived at the amount it was demanding from appellee.
 {¶ 18} At trial, appellant did not submit copies of the underlying contracts into evidence nor did it offer any precise documentation relating to the account which appellee allegedly failed to pay. Eski's testimony was the only evidence submitted relating to the alleged breach.
 {¶ 19} After trial, the trial court entered judgment in appellee's favor. In its judgment entry, the court pointed out that appellant failed to comply with Civ. R. 10(D) by "fail[ing] to attach a copy of the contract between International Language Bank Inc. and the Law Office of Zuckerman, Daiker Lear, and has failed to attach a copy of the account that should have itemized the charges billed * * *." The court further determined:
 {¶ 20} "[A]fter [appellant's] representative, Michelle Eski, was duly sworn, [appellant] failed to submit to the Court as an exhibit any contracts between International Language Bank Inc. and the Law Office of Zuckerman, Daiker Lear, and further failed to submit into evidence any documents showing the invoicing for services that were prepared by Plaintiff and billed to Defendant."
 {¶ 21} While the trial court pointed out appellant failed to comply with Civ. R. 10(D), it is clear this deficiency was not the basis of its dismissal. The matter went to trial, evidence was heard, and the parties were given the opportunity to present the merits of their competing positions before the court. The court pointed out that appellant failed to produce independent evidence to corroborate Eski's testimony relating to the existence and terms of the underlying contracts. The trial court's decision *Page 8 
reflects it considered the merits of the evidence submitted by appellant and found appellant failed to meet its burdens.
 {¶ 22} Furthermore, during his closing remarks, counsel for appellee incorporated the arguments made in his two motions to dismiss. In each motion, appellee pointed out that an action on account is founded upon a contract and therefore appellant was required to prove the necessary elements of a contract action. In its motions, appellee asserted the court should dismiss appellant's complaint because it failed to produce any evidence of an itemized account or an underlying contract, which would allow appellee to meaningfully defend against appellant's allegations. Although this point is connected to appellee's Civ. R. 10(D) argument, it additionally attacks the sufficiency of appellant's allegations. That is, without providing a statement of the open account, evidence of a contract, or evidence of the terms of the contract from which the alleged open account was generated, it would be essentially impossible for appellant to prevail on its complaint.
 {¶ 23} Civ. R. 41(B)(2) provides:
 {¶ 24} "(B) Involuntary dismissal: effect thereof
 {¶ 25} "* * *
 {¶ 26} "(2) Dismissal; non-jury action. After the plaintiff, in an action tried by the court without a jury, has completed the presentation of the plaintiff's evidence, the defendant, without waiving the right to offer evidence in the event the motion is not granted, may move for a dismissal on the grounds that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff * * *." (Emphasis sic.) *Page 9 
 {¶ 27} In ruling on a Civ. R. 41(B)(2) motion, it is the function of the trial court to review the evidence and the law. Levine v.Beckman (1988), 48 Ohio App.3d 24, 27. As the motion is made subsequent to the plaintiff resting, the trial court is not required to construe the evidence in favor of the non-moving party, but may weigh the evidence and render judgment. See, e.g., Central Motors Corp. v.Pepper (1979), 63 Ohio App.2d 34, 47-49. Where the evidence produced is insufficient to sustain the plaintiff's burden in the matter, the trial court may dismiss the case. Ramco Specialties, Inc. v. Pansegrau (1998),134 Ohio App.3d 513, 520. A dismissal will not be set aside unless it is erroneous as a matter of law or against the manifest weight of the evidence. Clarke v. Warren Cty. Bd. of Commrs., 150 Ohio App.3d 14,2002-Ohio-6006, at ¶ 8.
 {¶ 28} Appellant failed to produce evidence of the essential terms of the underlying contracts from which the open accounts that were the subject of the lawsuit arose. While appellant presented evidence of the purported damages to which it claimed entitlement for appellee's failure to pay on the accounts, there was no evidence connecting the damages alleged to any specific agreements. Despite the trial court's attempt, through its own examination of appellant, to determine how appellant arrived at its damage amount, appellant was unable to connect the gross amounts it sought in damages to any open account in appellee's name. Without some evidence of the actual terms of the underlying agreements which would allow the trier of fact to conclude appellant was entitled to the relief alleged, the court properly determined appellant failed to produce adequate evidence to prove its case.
 {¶ 29} Appellant's first assignment of error is without merit.
 {¶ 30} Appellant's second assignment of error states: *Page 10 
 {¶ 31} "[The] [t]rial court erred and abused its discretion by ordering dismissal after finding plaintiff-appellant `failed or refused' to submit as evidence in the case the alleged contracts and alleged invoices, when plaintiff-appellant testified to the existence of the contract and its terms, and proffered said documentary evidence at trial."
 {¶ 32} Under its second assignment of error, appellant argues Ms. Eski's testimony was sufficient to prove the underlying case. We disagree.
 {¶ 33} Ms. Eski testified that the parties entered into a contract which included certain terms. She was entitled to so testify and appellant was entitled to rest its case upon this testimony. However, the trial court was obligated to weigh the evidence in light of the facts and render a judgment accordingly. Ms. Eski's testimony was considered but the trial court, after reviewing the evidence as a whole, concluded it was not enough to entitle appellant to the relief sought. Moreover, it is unclear what the documentary evidence to which appellant alludes included. There was neither a motion to admit the documentary evidence as an exhibit (or exhibits) nor a motion to proffer the same. Although appellant was not represented by an attorney at the proceedings, this does not relieve it of its burden of creating a record. Appellant's argument lacks merit.
 {¶ 34} Appellant further points out that the documents attached to appellee's motion to dismiss should have been admitted to assist in proving the case. The documents at issue are invoices on the accounts which were the subject of the underlying litigation. These documents do not stand alone as persuasive proof of the terms of the agreements; rather, they simply represent monetary figures appellee allegedly owed due to its failure to pay under the terms of agreements which were never entered into evidence. Although Ms. Eski testified to the existence of the agreements *Page 11 
and testified that these agreements included the rate appellee was being charged, including a 5% per month "late fee" for failure to promptly pay, appellee disputed it was obligated to pay the amount set forth on the invoices. A conclusive way of demonstrating that appellee was indeed obligated to pay the amounts set forth on the invoices would be producing the actual contracts indicating appellee did agree to the terms alleged. Without this evidence, the trial court determined, after weighing the evidence, that appellant failed to meet its burden. Given the state of the record, we find no error in the court's conclusion.
 {¶ 35} Appellant's second assignment of error is without merit.
 {¶ 36} Appellant's final assignment of error provides:
 {¶ 37} "The trial court erred and abused its discretion by dismissing the plaintiff-appellant's action on account, with prejudice, for failure to join claims so as to take the cases outside the court's small claims jurisdiction, while simultaneously failing to apply the non-technical pleading exception of Civ. R. 1(C) and O.R.C. 1925.04"
 {¶ 38} In its judgment entry, the trial court observed:
 {¶ 39} "The Court is also disturbed by the Plaintiff's unwillingness to comply with the jurisdictional limitations of Small Claims Court, by filing two separate lawsuits against the same Defendant when the lawsuit should have been consolidated into one matter in the general division of this Court."
 {¶ 40} This statement by the court indicates it was dismayed by appellant's failure to consolidate. However, the trial court's statement does not suggest its dismay over appellant's strategic decision not to consolidate was a foundation for its dismissal. *Page 12 
As discussed above, the trial court concluded appellant failed to meet its burden of proof on its complaint for action on accounts. We find no error in its judgment.
 {¶ 41} Appellant's third assignment of error is overruled.
 {¶ 42} For the reasons discussed in this opinion, appellant's three assignments of error are without merit. The judgment of the Conneaut Municipal Court is therefore affirmed.
COLLEEN MARY O'TOOLE, J., MARY JANE TRAPP, J., concur.
 *Page 1