[Cite as *Long v. Rice*, 2013-Ohio-2402.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

RANDY LONG,                          :        **O P I N I O N**

      Plaintiff-Appellant,         :

    - vs -                               :        **CASE NO. 2012-A-0056**

RALPH RICE,                          :

      Defendant-Appellee.         :

Civil Appeal from the Ashtabula County Court, Eastern Division.
Case No. 2012 CVI 319 E.

Judgment: Reversed and remanded.

*Michael A. Hiener*, P.O. Box 1, Jefferson, OH 44047 (For Plaintiff-Appellant).

*Katherine S. Riedel*, Law Offices of Katherine S. Riedel Co., L.P.A., Jefferson Commercial Park, 1484 State Route 46 North, No. 5, Jefferson, OH 44047 (For Defendant-Appellee).

TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Randy Long, appeals the judgment of the Ashtabula County Court, Eastern Division, granting appellee, Ralph Rice's, motion to dismiss pursuant to Civ.R. 41(B)(2) for failure to demonstrate a right to relief. As sufficient evidence exists in the record to withstand dismissal, we reverse and remand this case for a new hearing.

{¶2} Mr. Long initiated this action by filing a small claims complaint, claiming Mr. Rice sold him a defective used tractor in a private sale. Mr. Long sought $3,000 in damages. The matter was presented to the court at a small claims hearing on September 10, 2012. The court characterized the matter as a fraudulent misrepresentation case.

{¶3} Mr. Long, not represented by counsel, explained that he entered into an oral agreement with Mr. Rice for the private sale of a "very old" used tractor around June 2011. The prior relationship between these men is not clear, though testimony indicates they share at least one mutual acquaintance. Mr. Long, who owns a small farm but is not a professional farmer, explained to Mr. Rice the tractor had to be "ready to go to the field" and "the hydraulics" had to work. According to Mr. Long, Mr. Rice made representations about the tractor, including that it was indeed "field-ready." Mr. Rice is not a dealer or vendor of any kind.

{¶4} In exchange for the tractor, Mr. Long traded in his fully-operational 8N Ford tractor and paid $2,000.00. Mr. Long admitted that he completed the purchase without going to Mr. Rice's residence to inspect or test the tractor.

{¶5} When Mr. Rice delivered the tractor, Mr. Long observed the tractor smoking. Upon inquiry, Mr. Rice explained the smoking was typical and would cease once the tractor got "warmed up." Over the next few days, Mr. Long, in changing and checking the oil, determined the fuel pump was not functioning correctly. Mr. Long explained he confronted Mr. Rice, who indeed admitted there was a bad fuel pump, but that this was the only defective item in the tractor. Mr. Rice refunded $500 so Mr. Long could have the fuel pump fixed. After the fuel pump was repaired, however, the tractor

continued to smoke and have mechanical issues, which rendered it nonoperational. Mr. Long took the tractor to a mechanic; there, he learned the engine had a blown head gasket and a cylinder groove—serious mechanical defects that require a new engine block. Mr. Long unsuccessfully attempted to get back his tractor and money from Mr. Rice. Mr. Long never made any further repairs and the tractor remains nonoperational.

{¶6} Richard Ring testified as part of Mr. Long's case. Mr. Ring previously sold the tractor to Mr. Rice. Mr. Ring explained that he informed Mr. Rice that the motor and hydraulic systems were not functioning properly; thus, Mr. Long argued that Mr. Rice knew the tractor was defective prior to the sale at issue but omitted these material facts. Mr. Ring indicated the mechanical issues with the tractor were serious, explaining he sold the tractor to Mr. Rice essentially for the value of its tires, $1,000.

{¶7} Mr. Rice, represented by counsel, presented a motion to dismiss for failure to demonstrate a right to relief after the close of Mr. Long's case. The court granted the motion on the grounds that the testimony did not establish a fraudulent misrepresentation, especially given Mr. Long's failure to diligently inspect the tractor prior to the purchase.

{¶8} Mr. Long now appeals and asserts one assignment of error:

{¶9} "The trial court erred by granting Appellee's motion to dismiss."

{¶10} Mr. Rice's motion to dismiss was made pursuant to Civ.R. 41(B)(2), which states:

{¶11} After the plaintiff, in an action tried by the court without a jury, has completed the presentation of the plaintiff's evidence, the defendant, without waiving the right to offer evidence in the event

3

the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Civ.R. 52 if requested to do so by any party.

{¶12} Thus, Civ.R. 41(B)(2) permits a defendant in a non-jury action to move for dismissal of the action on the basis the plaintiff has shown no right to relief. The rule is somewhat akin to a motion for directed verdict in a jury action; however, the rule "is not governed by the standards which control the granting of a directed verdict." Comments to Civ.R. 41(B)(2). Indeed, the rule provides that the trial court may consider both the law and the facts. *See Intl. Language Bank, Inc. v. Law Office of Zukerman, Daiker & Lear*, 11th Dist. Nos. 2007-A-0086 & 2007-A-0087, 2008-Ohio-5940, ¶22 ("[i]n ruling on a Civ.R. 41(B)(2) motion, it is the function of the trial court to review the evidence and the law"). "Thus, under the rule, the trial judge, as the trier of fact, does not view the evidence in a light most favorable to the plaintiff, but instead actually determines whether the plaintiff has proven the necessary facts by the appropriate evidentiary standard." *Cooper v. Smith*, 155 Ohio App.3d 218, ¶9; *see also Harris v. Cincinnati*, 79 Ohio App.3d 163, 168 (1st Dist.1992). "Even if the plaintiff has presented a prima facie case, dismissal is still appropriate where the trial court determines that the necessary quantum of proof makes it clear that plaintiff will not prevail." *Id.*

4

{¶13} This court reviews a trial court's dismissal of an action under Civ.R. 41(B)(2) to determine whether the decision was erroneous as a matter of law or against the manifest weight of the evidence. *Intl. Language Bank, Inc.*, *supra*, ¶27. It is important to recognize that this standard applies only to situations where the trial court dismisses an action, i.e., *grants* a motion to dismiss under Civ.R. 41(B)(2). *See Tillman v. Watson*, 2d Dist. No. 06-CA-10, 2007-Ohio-2429; ¶12-13; *accord O'Bryon v. Poff*, 9th Dist. No. 02CA0061, 2003-Ohio-3405, ¶6 (noting a *denial* of a motion to dismiss pursuant to Civ.R. 41(B)(2) is reviewed for an abuse of discretion).

{¶14} In order to determine whether a decision is erroneous as a matter of law or against the manifest weight of the evidence, we first employ an abuse of discretion standard, giving deference to the trial court's factual findings provided they are supported by competent, credible evidence; then, we review the trial court's application of law to those facts de novo to determine whether the decision is sound as a matter of law. *See Cooper*, *supra*, ¶9 (setting forth a hybrid standard of review in Civ.R. 41(B)(2) dismissals where the trial court decides questions of both fact and law).

{¶15} Fraudulent misrepresentation in the sale of personal property requires the following: (1) a false representation, or the concealment of a material fact, made falsely; (2) knowledge of the falsity, or statements made with such recklessness that knowledge is inferred; (3) intent to mislead another into relying on the representation; (4) justifiable reliance upon the representation or concealment; and (5) injury as a consequence of that reliance. *Goddard v. Stabile*, 185 Ohio App.3d 485, 2009-Ohio-6375, ¶30 (11th Dist.).

{¶16} As Mr. Long is seeking damages under the contract, he bears the burden of proving the elements of fraudulent misrepresentation by a preponderance of the evidence. *See Colvenbach v. McLaughlin*, 11th Dist. No. 1082, 1982 Ohio App. LEXIS 13569 (June 18, 1982), *3; *see also Andrew v. Power Mktg. Direct*, 10th Dist. No. 11AP-603, 2012-Ohio-4371, ¶47 ("[a] party seeking an equitable remedy, such as declaratory judgment, reformation or rescission of a contract, must prove a fraud claim with clear and convincing evidence, while a party seeking a monetary remedy must prove fraud by the preponderance of the evidence").

{¶17} Before we apply the law of fraudulent misrepresentation to the facts of this case, we must address Mr. Rice's point that a purchaser has a legal duty to inspect before relying on a representation when the purchaser is put on notice as to the truth of the representation. Though not labeling it as such, Mr. Rice is restating the principle of caveat emptor—the "buyer beware" theory—which explains that a purchaser has no just cause for complaint where that purchaser has an opportunity to inspect and the conditions are observable, i.e., have not been concealed, even though there may be misstatements or misrepresentations. However, it must be emphasized that the rule of caveat emptor does not apply to sales of personal property, only to real estate. *Layman v. Binns*, 35 Ohio St.3d 176, 177 (1988); *LaVeck v. Al's Mustang Stable*, 73 Ohio App.3d 700, 704 (11th Dist.1991).

{¶18} The trial court granted Mr. Rice's motion to dismiss chiefly on the grounds that Mr. Long was not justified on relying on any representations from Mr. Rice; rather, Mr. Long was required to diligently inspect the tractor and evaluate its worth and reliability before finalizing the transaction. In assessing whether reliance was justifiable

6

or whether there was a reckless failure to exercise diligence, courts must consider numerous factors including the relationship, age, experience, and intelligence of the parties, as well as the form and materiality of the representation. *Feliciano v. Moore*, 64 Ohio App.2d 236 (10th Dist.1979). Of course, a buyer of personal property is required to exercise reasonable diligence rather than blindly rely upon a seller to protect his or her interests in a transaction; however, this requirement is not carried so far as to permit positive, intentionally fraudulent statements, which are known to the seller as material to the transaction. *Id.*

{¶19} Here, there are two "misrepresentations" that must be assessed. The first is Mr. Rice's representation that the tractor was "field ready." Mr. Rice's statement that the tractor was "field ready" is misleading: it represents Mr. Rice was familiar with the operational capabilities of the tractor and therefore allowed him to state affirmatively it could function in a field. This representation was material to the transaction because it was made after Mr. Long explained his requirement that the tractor must be "ready to go" in the field. This demonstrates that Mr. Rice made the assurance concerning the tractor's capabilities with the expectation of influencing Mr. Long into buying the tractor, and that a reasonable person would conclude that such a result would follow.

{¶20} In actuality, the tractor was anything but "field ready." The unrefuted testimony demonstrates this fact was known to the seller. The prior owner, Mr. Ring, testified that he informed Mr. Rice there was a defective motor and hydraulic system in the tractor. Mr. Long therefore demonstrated that Mr. Rice indeed had knowledge of the tractor's defunct mechanical state, yet affirmatively and intentionally misrepresented the

tractor's ability in return for a fully-functional tractor *plus* $2,000. The burden is on Mr. Rice to present a defense to dispute these points.

{¶21} Additionally, Mr. Long justifiably relied upon this material misrepresentation. Given the circumstances, a reasonable person would attach importance to the representation of the tractor being "field ready" in determining whether to purchase a tractor for use in a field. Further, as indicated above, Mr. Rice knew, based on the unrefuted testimony, that Mr. Long regarded the "field ready" representation as important, material, and central to his decision concerning whether to enter the purchase agreement because Mr. Long explained this requirement prior to purchase. Again, Mr. Rice would need to present a defense if there is evidence that disputes this point. Further, Mr. Long's failure to inspect is not fatal as "the recipient of a fraudulent misrepresentation of fact is justified in relying upon its truth even though he might have ascertained its falsity had he made an investigation." *Anna v. Nickles*, 9th Dist. No. 2411, 1989 Ohio App. LEXIS 1250 (April 5, 1989), *9. Additionally, though the tractor was smoking upon delivery, Mr. Long's inquiry into the smoke was met with another misrepresentation: that the smoke would cease once the tractor got warmed up. When pressed into the matter of the defective fuel pump, Mr. Long's inquiry was again met with another misrepresentation: that the fuel pump was the only defective item in the tractor.

{¶22} In addition to the affirmative misrepresentation that the tractor was "field ready," the unrefuted testimony was that Mr. Rice concealed a material fact concerning the tractor's hydraulic system. Another of Mr. Long's prerequisites for the purchase was that the tractor have good hydraulics. Again, this was material to the transaction, and

8

after learning of this requirement, Mr. Rice did not state anything about the hydraulic system not functioning properly. However, the evidence demonstrates the prior owner, Mr. Ring, informed Mr. Rice that the tractor's motor and hydraulic system were failing. This is a misrepresentation by omission. Indeed, a "representation stating the truth so far as it goes but which the maker knows or believes to be materially misleading because of his failure to state additional or qualifying matter is a fraudulent misrepresentation." *Id.* Further, "[t]he recipient is entitled to know the undisclosed facts in so far as they are material and to form his own opinion of their effect." *Id.* Mr. Long was justified in relying on this omission because a reasonable purchaser would think that, following such a statement, if the hydraulics were indeed failing, there would be such a disclosure. Again, it is incumbent upon Mr. Rice to raise a defense to dispute these above-framed points.

{¶23} This case is distinguishable from prior precedent in this court. In *LaVeck*, *supra*, we determined a trial court did not err in directing a verdict in favor of a seller. There, discontented purchasers entered into the sale of a used automobile from a private, non-dealer seller who operated a repair shop. This court found the purchasers failed to establish justifiable reliance upon the representations of the private seller that the engine was like new because it had been rebuilt. The purchasers called upon a mechanically-savvy friend who worked in a local service station for input on the automobile. Following a test drive of the automobile, the purchasers' friend recommended that they not purchase the vehicle. The purchasers unqualifiedly ignored this recommendation and nonetheless entered into a contract for the sale of the automobile. Therefore, the purchasers in *LaVeck* were not justified in relying upon the

9

representations of the seller concerning the vehicle's quality when they had full knowledge the aged car was not worth the money according to a source they held out to be trusted.

{¶24} Instead, we find *Anna v. Nickles*, *supra*, to be analogous to the instant case. There, the purchaser bought a used tractor in a private, non-dealer sale. *Id.* at *1. The seller offered the purchaser an opportunity to test drive the tractor, but the purchaser declined, explaining that his father had a tractor just like the one for sale, and he knew how it operated. *Id.* at *2. The purchaser explained he had a large parcel of land and that the tractor would need to be able to mow an acre and an eighth. *Id.* The seller made a representation that he had not had any trouble with his yard, which was at least as big as the buyer's tract, and accordingly, the buyer should likewise not have any issue. *Id.* This representation was false, and in actuality, the seller never mowed his lawn with the tractor and sold it just six weeks after obtaining it. *Id.* The Ninth Appellate District reversed the small claims court for granting the equitable remedy of rescission, but explained the trial court could award damages for fraudulent misrepresentation. *Id.* at *4.

{¶25} In support, the Ninth District explained the seller's statements were indeed misleading, and "the half-truths were material in that further investigation would have been warranted had [the buyer] known that [the seller] had not used the tractor and had not owned it for some time." *Id.* at *8. Further, the seller made the statements after learning the buyer's requirements for a tractor and tailored the representations to meet those requirements, just as the evidence indicates in the case sub judice. *Id.* Additionally, there was justifiable reliance because a reasonable person would attach

10

importance to the misrepresentation in determining whether to purchase the tractor, and the seller knew or had reason to know the buyer was likely to regard those representations as important, as is the case here. *Id.*

**{¶26}** After a thorough review of the record, we determine the trial court, though correctly determining the quantum of proof to be preponderance of the evidence, did not properly apply the facts to the elements of fraudulent misrepresentation, because upon the facts and the law, Mr. Long has demonstrated a right to relief under a claim of fraudulent misrepresentation. This ruling should not be construed to run afoul of the general principle that courts do not rewrite contracts for parties in the face of a bad bargain. Indeed, this is not a breach of contract claim nor is it a warranty claim brought under the provisions of the Uniform Commercial Code. Rather, this is an assessment of an intentional tort, whereby sufficient evidence exists in the record to withstand dismissal pursuant to Civ.R. 41(B)(2).

**{¶27}** As such, appellant's sole assignment of error has merit.

**{¶28}** The judgment of the Ashtabula County Court, Eastern Division, is reversed and remanded for a new hearing.


DIANE V. GRENDELL, J.,

COLLEEN MARY O'TOOLE, J.,

concur.

11